## FENN v. MILLS.

1. DEATH—PRESUMPTION OF DUE CARE—EYEWITNESSES.
   The presumption that decedent was in the exercise of due care does not obtain where there are credible eyewitnesses to the accident resulting in his death.

2. SAME—PRESUMPTION OF DUE CARE REBUTTABLE—CONTRIBUTORY NEGLIGENCE.
   The presumption that decedent was in the exercise of due care is not conclusive, but may be rebutted by direct or circumstantial evidence, and circumstances themselves may be sufficient to raise an issue of fact for the jury or to demonstrate the existence of contributory. negligence as matter of law.

3. SAME—PRESUMPTION OF DUE CARE NOT ABROGATED BY TESTIMONY AS TO WHAT OCCURRED AT MOMENT OF IMPACT.
   Where an eyewitness first saw decedent at the moment of impact and cannot testify as to his conduct before he got in the path of the automobile, the presumption that such prior conduct was not negligent is not abrogated, but the testimony of the witness as to what he saw and the presumption of decedent's prior due care create an issue of fact for the jury on the question of contributory negligence.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where the only witness who saw decedent before he was struck, when he was only six feet from the car, testified that he walked diagonally across the street with his head down, his back toward the car, and that he did not look at the car, the question of his contributory negligence was for the jury, in view of disputed testimony as to the range of his observation of the approaching car and its speed.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES.
   In an action for the death of a pedestrian struck by an automobile when he was walking diagonally across a street, evidence *held*, sufficient to justify a verdict for defendant.

6. APPEAL AND ERROR—CORRECT CHARGE MAY NOT BE CONDEMNED
ON PROPORTION OF WORDS DEVOTED TO ISSUES.
  Without plainly apparent prejudice, a charge correct as to
    the law may not be condemned upon the proportion of
    words devoted to the different issues.

7. SAME—FACTS ARGUED BUT NOT IN RECORD NOT CONSIDERED.
  Claims of fact made on the argument but not appearing
    in the record may not be considered on review.

Error to Lapeer; Wixson (Walter S.), and Smith
(Henry H.), JJ.     Submitted June 8, 1928.    (Docket
No. 63, Calendar No. 33,795.)     Decided July 24, 1928.

Case by Blanche Fenn, administratrix of the estate
of George E. Fenn, deceased, against Basil Mills for
the alleged negligent killing of plaintiff's decedent.
Judgment for defendant.     Plaintiff brings error.     Af-
firmed.

*Herbert W. Smith,* for appellant.

*Theo. D. Halpin,* for appellee.

FEAD, C. J.     On November 7, 1925, George E. Fenn,
while attempting to cross from the north to the south
side of Nepessing street in the city of Lapeer, at a
point east of the Fox street crossing, was struck by
an automobile driven by defendant eastward on the
south of the center of the street and died a few
hours thereafter from injuries so sustained.     Plaintiff
brought this action for damages therefor and defend-
ant had verdict of the jury.

Plaintiff's principal contention was that the court
erred in submitting the question of contributory negli-
gence to the jury on the ground that, there having
been no eyewitnesses to decedent's conduct before the
accident, the presumption that decedent exercised due
care was operative.     Defendant claimed decedent was
negligent as a matter of law.

The accident occurred shortly before 7 o'clock in the morning.     There appears to have been no other traffic on the street.     A witness for plaintiff testified that he could see objects a block or more away, but that, when he came to the intersection of Fox and Nepessing streets, he looked to the west, saw no car approaching and had just crossed the square diagonally and taken a few steps east on the south side of Nepessing street when he heard the crash of the collision about opposite him.     Defendant testified that he drove several blocks on Nepessing street; it was a misty morning before daylight and his dimmers and spotlight were burning but they did not illuminate a radius of more than 16 feet.     The speed of defendant's car was estimated at from 16 to 30 miles per hour.     Defendant was the only eyewitness to the accident.     He testified that he first saw decedent when the latter was about six feet in front of the car, immediately before he was struck, that decedent was walking diagonally across the street, with his head down, his back toward the car, and that he did not look at the car.

The presumption that a decedent was in the exercise of due care does not obtain where there are credible eyewitnesses to the occurrence.     Nor is it a conclusive presumption.     It may be rebutted by direct or circumstantial evidence and circumstances themselves may be sufficient to raise an issue of fact for the jury or to demonstrate the existence of contributory negligence as a matter of law.     *Gillett* v. *Traction Co.*, 205 Mich. 410.

Where an eyewitness first saw decedent at the moment of impact and cannot testify to his conduct before he got in the path of the automobile, the presumption that such prior conduct was not negligent is not abrogated.     As pointed out by Mr. Justice WIEST in *Petersen* v. *Lundin*, 236 Mich. 590, the testimony of the witness of what he saw and the presump-

tion of decedent's prior due care, in such case, create an issue of fact for the jury upon the question of contributory negligence.

In the instant case, decedent's conduct, when seen by defendant, had force of indication that he had proceeded across the street without proper observation and ordinary precaution. However, his contributory negligence would depend upon the range of his observation of the approaching car and its speed, both of which elements were in dispute. If, by ordinary care, he could have seen defendant's car a reasonable distance and approaching at a rapid rate of speed, decedent's negligence in going into its path in an attitude of inattention would be clear. On the other hand, if he had to judge the distance and speed by the lights of the car, he might fairly have decided it was safe to cross. Other hypotheses are also suggested by the evidence. The issue of contributory negligence was plainly for the jury.

There was ample evidence to justify the verdict, the charge fully and properly stated the law of the case and covered all of plaintiff's requests. Counsel for plaintiff complain that the court unduly stressed the question of contributory negligence. The charge was lengthy upon all phases of the case, but it did not misstate the law, nor say anything prejudicial to plaintiff's cause. As defendant's negligence was rather clear, decedent's contributory negligence was apparently the principal issue. Without plainly apparent prejudice, a charge, correct as to the law, can hardly be condemned upon the proportion of words devoted to the different issues. Of course, claims of fact made on the argument but not appearing in the record cannot receive consideration.

The judgment is affirmed.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.