GEMBOLIS *v.* RYDESKI.

1. MOTOR VEHICLES—NEGLIGENCE—DUTY OF DRIVER BLINDED BY LIGHTS.

Automobile driver blinded by lights of approaching car should slacken his speed and have his car under such control that he could stop immediately or within such distance as he could at all times see ahead.

2. SAME—CONTRIBUTORY NEGLIGENCE — EYEWITNESSES — PRESUMPTIONS.

Where pedestrian was struck and killed by automobile from rear as he was walking on shoulder or edge of pavement, and automobile driver testified that he did not see decedent until almost the instant when he struck him, and there were no other eyewitnesses of accident, court must assume that decedent was exercising due care for his safety.

3. NEGLIGENCE—PRESUMPTION OF DUE CARE IN ABSENCE OF EYEWITNESSES.

Where there are no eyewitnesses to accident causing immediate death, law raises presumption that decedent was exercising due care, and contributory negligence does not become question for jury.

4. MOTOR VEHICLES—EVIDENCE—NEGLIGENCE—APPEAL AND ERROR.

Permitting witness to testify, over objection, as to where he picked up broken glass four or five hours after accident occurred, *held*, not prejudicial, although exact spot where accident happened was sought to be shown by where broken glass of headlight was picked up, in view of other testimony as to where glass was picked up about an hour after accident occurred, that judge cautioned jury in regard to said testimony, and that additional facts established driver's negligence without any contributory negligence on part of decedent.

5. DAMAGES—EXCESSIVE VERDICT.

Verdict of $10,000 for death of husband with life expectancy of over 23 years, who earned $4.70 per day besides working a small farm adjoining his home, and who supported wife and eight children, *held*, not excessive, under testimony.

---

On fact that driver of automobile is blinded by glare of light as affecting liability for automobile accident, see annotation in 10 A. L. R. 294; 32 A. L. R. 887; 41 A. L. R. 1040; 62 A. L. R. 1531.

As to driving automobile at speed which prevents stopping within length of vision, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493.

6. SAME—FAILURE TO SHOW LIFE EXPECTANCY OF DEPENDENTS.

> Failure to show life expectancy of widow and children who were supported by decedent, *held*, not prejudicial error, where widow appeared before jury, and verdict was within evidence.

Appeal from Gogebic; Driscoll (George O.), J. Submitted April 8, 1932. (Docket No. 57, Calendar No. 36,222.) Decided June 6, 1932.

Case by Helen Gembolis, special administratrix of the estate of Anton Gembolis, deceased, against Ted Rydeski and another under the death act. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Baird & Rummel,* for plaintiff.

*Edward W. Massie,* for defendants.

BUTZEL, J.   Helen Gembolis, as administratrix of the estate of her husband, Anton, brought suit under the death act (3 Comp. Laws 1929, §§ 14061, 14062) against Roman Rydeski, the driver, and Ted Rydeski, the owner, of an automobile that struck Anton Gembolis and caused his instant death, between 5:30 and 6:00 p. m. on October 27, 1930.   Roman Rydeski was driving in an easterly direction over the old county road that runs from Bessemer to Wakefield, Michigan.   Gembolis, a miner, was walking in the same direction while returning home for his evening meal.   He had reached a point just beyond the bridge in the city of Wakefield, about a mile and a half from the business district, when he was struck, near the southerly edge of the pavement.  The testimony raised the question as to whether he was struck while walking on the shoulder of the road or on the edge of the pavement.   There were no wit-

nesses to the accident. The driver claims that he was blinded by the strong lights of a car that came from the opposite direction and had just passed him prior to the accident. He did not apply his brakes until he had driven 15 or 20 feet beyond where he struck decedent, and his car did not come to a stop until about 70 feet from the place of the accident. Under the conditions, the driver should have slackened his speed and had his car under such control that he could stop immediately or within such distance as he could at all times see ahead. *Ruth* v. *Vroom*, 245 Mich. 88, 92 (62 A. L. R. 1528); *Bielecki* v. *United Trucking Service*, 247 Mich. 661, 663; *Elrich* v. *Schwaderer*, 251 Mich. 33. The jury rendered a verdict of $10,000 in plaintiff's favor.

We shall limit ourselves solely to the questions involved as stated in appellants' brief.

It is claimed that plaintiff's decedent was guilty of contributory negligence. The driver stated that he did not see decedent until almost the instant when he struck him. Under the circumstances, we must assume that decedent was exercising due care for his safety. *Clark* v. *Lawrence Baking Co.*, 240 Mich. 352, 355. When there are no eyewitnesses to an accident causing immediate death, the law raises the presumption that decedent was exercising due care, and contributory negligence does not become a question for the jury. *Peterson* v. *Lundin*, 236 Mich. 590; *Hinchey* v. *J. P. Burroughs & Son*, 240 Mich. 273, 277; *Wilkins* v. *Bradford*, 247 Mich. 157, 160.

Roman Rydeski testified that the corrugated glass of one of the headlights was broken into little pieces. Without objection, he identified pieces of glass exhibited to him as being the same kind of glass as was in the headlight. Notwithstanding defendants'

objection, Weston, another witness, was permitted to testify where part of the glass was picked up four or five hours after the accident, when a further investigation was made. It was sought to show the exact spot where the accident took place by proving where the glass was found. There was, however, the undisputed testimony of a police officer that about an hour after the accident he found glass both on the pavement and shoulder of the road. His testimony was corroborated by another witness, a brother of defendants. Still another witness stated that he saw glass near where some testimony indicated the accident took place. Defendants claim that it was error to permit testimony in regard to the location where broken glass was found four or five hours after the accident took place. See *Billingsley* v. *Gulick,* 252 Mich. 235. In view of the testimony in regard to the location of glass that was found on the pavement and shoulder of the road within about an hour after the accident, and the further fact that the judge properly cautioned the jury in regard to Weston's testimony, and the additional facts establishing negligence of the driver, without any contributory negligence on the part of the decedent, permitting the introduction of Weston's testimony was not reversible error.

Plaintiff testified that she and decedent had been married 22 years; that he was the father of her 11 children, eight of whom were living and were still minors; that, in addition, she was *enciente* and expected another child very shortly. She further testified that decedent had steady work, earned $4.70 a day, brought his pay checks home to her each pay day, and also that his services in working on a small farm adjoining their home were worth $30 to $40 per month. She stated that decedent was support-

ing her and the eight children and they depended upon him for their support. It was shown by the mortality tables that decedent's expectancy of life was over 23 years. The names, and ages of all the children were set forth in the declaration, but neither the expectancy of life of the widow or children or their ages were shown by the testimony. The two eldest children were earning a living. We do not believe that there is any merit in the claim of error that there was not sufficient testimony to justify a verdict of $10,000, or that this amount was excessive, or that there was error in failing to show the expectancy of life of the widow and the children. There was sufficient testimony, both in regard to dependency, the amount of earnings, and the natural inferences as to the ages of the children, both on account of their number and the fact that one was not yet born, and the further fact that the widow appeared before the jury, so that a verdict of $10,000 was within the evidence. The remaining points raised have either been discussed in connection with other questions, or even if of any merit, would not constitute prejudicial error.

Judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.