THOMAS v. NEW YORK CENTRAL RAILROAD CO.

1. DEATH—PRESUMPTIONS—RAILROAD CROSSING ACCIDENT.
   Presumption of due care upon part of motorist killed in railroad crossing accident to which no eye-witness survived obtains unless physical facts demonstrate that decedent failed to look for trains, failed to see what she should have seen or, upon seeing what a reasonably prudent person would have seen, failed to use due care.

2. MOTOR VEHICLES—PRIVATE INDUSTRIAL ROAD—RAILROAD CROSSING.
   Whether or not a motorist on private industrial road approaching railroad track should have looked between some kilns while some distance from track is a question of fact.

3. RAILROADS—MOTOR VEHICLES—DUE CARE.
   Motorist on private industrial road may not expect exercise of safety precautions by railroads crossing same as are used on public highway crossings and is obliged to use care commensurate with conditions.

4. SAME—PRIVATE INDUSTRIAL ROAD CROSSING.
   Observation of only 160 feet along railroad track at private industrial crossing would not justify motorist in proceeding without further observation.

5. Death—Contributory Negligence of Motorist.

 Physical facts *held,* to show decedent motorist guilty of contributory negligence as matter of law where she had opportunity while in a place of safety to see train coming in time to stop and avoid collision.

Appeal from Jackson; Simpson (John), J. Submitted April 17, 1934. (Docket No. 117, Calendar No. 36,894.) Decided June 4, 1934.

Case by Isreal Thomas, administrator of the estate of Lillian Thomas, deceased, against New York Central Railroad Company, a Michigan corporation, for alleged negligent killing of plaintiff's decedent in a railroad crossing accident. Judgment for defendant. Plaintiff appeals. Affirmed.

*L. A. Vincent* and *R. H. Rossman,* for plaintiff.

*Bisbee, McKone, Wilson, King & Kendall,* for defendant.

Fead, J. The case was tried before the court without a jury. At the conclusion of plaintiff's proofs, defendant moved for a directed verdict on the grounds of lack of negligence of defendant and of contributory negligence of plaintiff's decedent. The term "directed verdict" is a misnomer on trial before the court but we apprehend it was used as a convenience to express the claim that, taking the facts most favorable to plaintiff, he was not entitled to recover. The court entered judgment for defendant.

Decedent and another woman, riding west in an automobile, were struck and killed by defendant's train coming from the north at a speed of 50 miles per hour and without whistle or bell signals. The

crossing was at a private industrial road which, in some places, was only eight feet wide between buildings. It was well defined, however, had been used for some years by a considerable number of people as well as by neighboring manufacturers, without objection of defendant. But there was no showing that it had been worked by the public or had become a highway. The crossing at one time had been planked but some five years ago the planking had been removed and gravel substituted. We are not told by whom. It was not in good condition. The rails projected above the road so crossing necessarily would be rough and slow. There were no eye-witnesses to the accident. The car was seen approaching the track and shortly thereafter a crash was heard and the car and passengers found some distance down the track, where they had been carried by the train.

Plaintiff relies upon the presumption of due care attending an accident to which no eye-witnesses survive. Defendant relies upon the rule that the presumption may be rebutted by physical evidence. *Elrich* v. *Schwaderer*, 251 Mich. 33. The presumption obtains unless the physical facts demonstrate that decedent failed to look for trains when she should have looked, failed to see what she should have seen, or having seen what a reasonably prudent person would have seen, failed to act upon it with due care.

There are two tracks at the crossing. As decedent approached from the east her view to the north was obstructed by kilns, a cement wall and box cars on a siding. At some distance from the track she could have looked to the north between kilns, but whether she should have done so is a question of fact and does not help the direction of verdict.

When 10 feet east of the east rail of the nearest or northbound track one could see north 160 feet. When 15 feet east of the east rail of the farthest or southbound track one could see north over 1,000 feet to a curve. His car would then be on the northbound track. The view to the south was somewhat obstructed but apparently not so much as to the north and we are not advised as to the details.

The duties of persons approaching a railroad track to stop, look and listen are recognized. Plaintiff, however, contends there was no safe place in which his decedent could have stopped before reaching the tracks and she was under no legal obligation to stop on or between the tracks. *Nichols* v. *Railway Co.*, 203 Mich. 373. In that case the accident was at the crossing of a highway, where more cautious handling of trains may be anticipated than at private road crossings. And the decision is at variance with the standard of conduct adopted by this court in *Rosencranz* v. *Railroad Co.*, 244 Mich. 137.

The character of the neighborhood and of the road was apparent and decedent could not have expected the safety precautions and measures common to street crossings. She was obliged to use care commensurate with the conditions. An observation of only 160 feet along the track at such a crossing would not justify her proceeding without further observations. There was no danger from the south in fact. It must be assumed that she so satisfied herself. As she approached the northbound track and when she was on it, and while still in a place of safety, she had increasing opportunity to see the train coming from the north in ample time to stop and avoid a collision. *Downey* v. *Railway Co.*, 230 Mich. 243; *Ackerman* v. *Railroad Co.*, 249 Mich. 693.

We think the physical facts show plaintiff's decedent guilty of contributory negligence as a matter of law and judgment is affirmed.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.