PECK v. HAMPEL.

1. DEATH — PRESUMPTION OF DECEDENT'S DUE CARE — EYEWIT-
NESSES—ADVERSE PARTY.
    Where there are no eyewitnesses to the death, the law will
    presume that decedent was in the exercise of ordinary care,
    but where there is an eyewitness, the presumption of due care
    on part of decedent vanishes even though the eyewitness is
    the adverse party.

2. SAME—PRESUMPTION OF DECEASED PEDESTRIAN'S DUE CARE—EYE-
WITNESSES—PRESUMPTION AS TO MOTORIST.
    In action by administratrix of estate of deceased pedestrian
    who had been killed by defendant motorist, motorist was an
    eyewitness to the accident as he is presumed to have seen what
    was there to be seen, hence presumption that decedent was in
    the exercise of due care was not available even where there
    were no other eyewitnesses.

3. WITNESSES—ADVERSE PARTY—DECEASED PEDESTRIAN.
    The representative of the estate of a deceased pedestrian who
    was killed at an intersection by a motorist may compel the
    living party to testify (3 Comp. Laws 1929, § 14220).

4. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—INTER-
SECTIONS—CITY ORDINANCE.
    Pedestrian who was struck by automobile while in southeast
    quarter of street intersection while walking diagonally across
    it in violation of city ordinance was guilty of contributory
    negligence barring recovery of damages for his death by
    administratrix of his estate (Big Rapids Ordinance No. 78,
    § 41).

BUSHNELL, C. J., and POTTER and McALLISTER, JJ., dissenting.

Appeal from Mecosta; Pugsley (Earl C.), J. Sub-
mitted January 5, 1940. (Docket No. 100, Calendar

No. 40,948.)   Decided April 19, 1940.   Rehearing denied June 18, 1940.

Case by Nellie H. Peck, administratrix of the estate of Edward Daniels, deceased, for damages for death of her decedent when struck by an automobile driven by defendant.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Affirmed.

*Fred P. Geib* and *Clem H. Block,* for plaintiff.

*Worcester & Worcester,* for defendant.

McALLISTER, J. (*dissenting*).   On Christmas eve of 1936, Edward Daniels was killed when struck by an automobile driven by defendant.   The accident occurred between 6 and 7 o'clock in the evening as Daniels was crossing the intersection of Maple and Third streets in Big Rapids.   It was dark, but a street light, having an illuminating radius of about 100 feet, lighted the intersection.   There were no eyewitnesses to the accident, unless defendant driver saw it; and he did not testify in the case.   It is suggested by defendant's counsel that it also appeared from the evidence that defendant's wife was in his car at the time.   She, likewise, was not a witness.

Evidence was given on behalf of plaintiff administratrix that defendant was driving his car in excess of the legal speed limit, at a rate of between 30 and 35 miles an hour at a point about 100 feet before he reached the intersection; that when he passed a certain witness near the northwest corner of the intersection, defendant was travelling at a rate of 40 miles an hour; that broken glass from defendant's car was found at the intersection; and that the body of plaintiff's decedent was carried more than a 100 feet beyond the place of collision; that when defend-

ant turned off Maple street—275 feet from the scene of the accident—he was going so fast that his car went over on two wheels when making the turn. The trial court directed a verdict of no cause of action on the ground that plaintiff had failed to establish that decedent was free from contributory negligence. Plaintiff appeals, claiming that, in the absence of eyewitnesses to the accident, due care on the part of the deceased is presumed and that the case should have gone to the jury on the question of defendant's negligence.

The driver of an automobile and passengers riding therein are not necessarily eyewitnesses of an accident in which the automobile is involved. Even where the driver of an automobile sees the accident, his testimony does not necessarily overcome the presumption of due care on the part of a deceased person. Mr. Justice WIEST, in *Petersen* v. *Lundin,* 236 Mich. 590, speaking for the court in a similar instance, said:

"Defendant was the only eyewitness of the accident and was called by plaintiff for cross-examination under the statute. It is claimed that his testimony established contributory negligence on the part of Mr. Petersen. In behalf of defendant it is said that the presumption of care allowed by law in cases where there are no eyewitnesses cannot be indulged because defendant was an eyewitness and his testimony established want of care on the part of Mr. Petersen. Defendant's testimony was limited to a view of decedent at the very moment he was in front of the automobile and just as he was struck. Defendant did not see decedent before he was in front of the automobile, and the case is barren of witness evidence of what care decedent exercised before he got in the path of the automobile. The fact decedent was in a place of danger did not require a finding of

want of care, for this would make the happening of the accident evidence of contributory negligence on his part, and this can no more be done with reference to contributory negligence than it can upon the question of defendant's negligence. The care required of Mr. Petersen was exercised or not as he approached the path of the automobile and at such point defendant did not see him. In the absence of testimony showing the actions of Mr. Petersen as he approached the path of the oncoming automobile, the law permitted the presumption of due care on his part to carry the issue to the jury.''

In *Fairchild* v. *Railway Co.,* 250 Mich. 252, 260, it was said:

''There are many cases holding that the presumption of exercising due care does not apply where there are *eyewitnesses to the accident.* But if we are to preserve and apply the reason underlying this presumption, we must hold that the language used in such opinions cannot be too literally construed, and that 'eyewitnesses' to the accident must be held to mean those who have knowledge of some fact or circumstance which throws light upon the question as to whether or not the deceased did those things which under the circumstances constituted the exercise of due care. In submitting to the jury the question of contributory negligence of plaintiff's decedent, the trial court's conduct of this case was fully as favorable to the defendant as it could rightfully ask.''

In *Patterson* v. *Wagner,* 204 Mich. 593, 599, Mr. Justice STEERE, in speaking for the court, said:

''On the assignment of error that deceased was guilty of contributory negligence which precluded recovery and for that reason a verdict should have been directed for defendant, it is to be borne in mind that this accident occurred at a crossing and

the injured party is dead. His mouth is closed as to how he came there, what observations he made, whether or not he looked before starting to cross, if so, what judgment he exercised in regard to what he observed. * * * It is true when there are eyewitnesses to the accident, the legal presumption that a decedent was free from contributory negligence does not obtain to the full extent as in cases where there were none (*Baker* v. *Delano,* 191 Mich. 204), but no witness is shown to have observed deceased until he stepped off the curb into the street at or near a proper crossing for foot passengers, where he had a right to be, and apparently reason to go, on his way home, and where it was also defendant's duty to exercise special care in anticipation both of crossing pedestrians and vehicles.''

In *Gembolis* v. *Rydeski,* 258 Mich. 521, 523, the court said:

''It is claimed that plaintiff's decedent was guilty of contributory negligence. The driver stated that he did not see decedent until almost the instant when he struck him. Under the circumstances, we must assume that decedent was exercising due care for his safety.''

In *Winckowski* v. *Dodge,* 183 Mich. 303, 308, it was said:

''The undisputed evidence that defendants' car was on the wrong side of the road, passing the vehicle it was meeting on the left, alone raises a presumption of negligence on the part of its driver, and when such negligence is shown to have had a causal relation to the injury inflicted upon the plaintiff, as is the case here, a *prima facie* case of actionable negligence is presented.''

Where a presumption of due care exists, it can only be overcome by evidence showing contributory

negligence. Even where rebutting circumstantial evidence is offered, if such evidence can be disregarded as being of doubtful value, the presumption is sufficient to establish plaintiff's case as to the exercise of proper care by the deceased. In *Gillett* v. *Michigan United Traction Co.*, 205 Mich. 410, 415, the court held:

"A distinction has been recognized between direct, positive and credible rebutting evidence and mere circumstantial evidence having but a slight or inconclusive tendency to rebut the presumption. When direct, positive and credible rebutting evidence is introduced, the presumption ceases to operate; but when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if they decide that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased. Moreover, it is only in cases where direct testimony of credible eyewitnesses as to the negligence of deceased is *uncontradicted,* that the court is warranted in directing a verdict for the defendant on the ground of decedent's contributory negligence. If the testimony is contradicted by other witnesses, or rendered improbable by the circumstances, or if the credibility of the witnesses is attacked, the question must be submitted to the jury, but in such case the jury must weigh merely the evidence, unaided by the presumption. If, however, the jury decide that the testimony tending to show negligence on the part of the deceased in the particular claimed has been overcome by other evidence and should be disregarded, the presumption will, of course, if necessary, still operate to establish plaintiff's case as to the care exercised by the deceased. The attempt to rebut the presumption having failed, it still remains in force so far as may be necessary

to cover any particulars not touched on by the evidence. There is no reason why an unsuccessful attempt to show the negligence of deceased in some particular · respect should place upon the plaintiff the burden of proving by affirmative evidence that the deceased used due care in all respects—a burden which did not rest upon him before the attempt was made.''

In this case neither defendant nor his wife were witnesses on the trial. There is nothing to show that they were eyewitnesses to the accident except that they were in the car at the time; and if they had seen the accident, there is nothing to suggest that they were eyewitnesses whose testimony could overcome the presumption of due care under the rule as laid down by this court in *Petersen* v. *Lundin, supra*. In the absence of such proof, it would be a reasonable surmise that defendant did not even see the deceased at the time of the impact. The body was carried by the car 100 feet beyond the intersection, and defendant continued to proceed on, and to turn a corner, for a considerable distance beyond the scene of the accident. It would be most unfair to compel a plaintiff, relying upon the presumption of due care on the part of a decedent, to establish his case by the testimony of the opposite party. A party is bound by the answers of witnesses called for cross-examination under the statute,* unless contradicted; and it would be a travesty on the rules of evidence governing presumptions to compel such a plaintiff to call the defendant as a witness and to be bound by his answers. The same consideration applies to the wife of defendant.

With regard to the suggestion that the presumption of due care prevails only where all available

* 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—Reporter.

evidence shows that there were no eyewitnesses to the accident in which deceased came to his death, this principle may be said to be based upon the rule that where a witness, possessing knowledge of the facts, is available to a party, failure to call him gives rise to an inference that the testimony of such an interrogated witness would not sustain the contention of the party. *Griggs* v. *Railway Co.*, 196 Mich. 258. And this rule would seem pertinent where a plaintiff's case rests entirely upon presumption, as it seems proper that such a party should be called upon to rely upon evidence, if any exists. But an adverse witness is not considered an "equally available" witness. In *Carpenter* v. *Railroad Co.*, 13 App. Div. 328 (43 N. Y. Supp. 203), the court said, with reference to the foregoing principle: "The woman was not equally available as a witness to the defendant. She was the wife of the plaintiff. The defendant could not be expected to call her." With greater force, it can be said that the plaintiff could not be expected to call the defendant and his wife in this case.

"No unfavorable inference can arise from a party's failure to call or examine a witness who, although possessing peculiar knowledge of the facts, is adverse to him; as for instance, the wife of the adverse party." 22 C. J. p. 120.

But there is a further rule of evidence that permits inferences to be drawn in this case against the defendant because of his failure to testify:

"The nonappearance of a litigant at the trial, or his failure to testify as to facts material to his case, and as to which he has especially full knowledge, creates an inference that he refrained from appearing or testifying because the truth, if made to appear, would not aid his contention." 22 C. J. p. 121.

In this case the defendant and his wife were the only persons, aside from the plaintiff's decedent, who had knowledge of the facts surrounding the accident. It cannot be assumed that even they had such knowledge, but if any one knew the facts, they did. Their failure to testify raises an inference that plaintiff's decedent was not at fault.

Evidence of violation of a city ordinance by the deceased is suggested as a circumstance showing that decedent was not in the exercise of due care at the time he was killed. But such circumstance is only evidence to be considered by the jury on the matter of decedent's negligence, which was a question of fact.

In *Foote* v. *Huelster,* 272 Mich. 194, cited by defendant in his contention that, if there is an eyewitness to the accident, the issue of due care rests upon proof and not presumption, it appears that in that case there was proof as to the way in which the accident happened, apart from the testimony of the defendant. It further appeared that defendant had been sworn as a witness in the case, but was prevented by plaintiff's counsel from testifying on the ground that his testimony as to the circumstances of the accident would be in violation of the statute prohibiting evidence by the survivor as to facts equally within the knowledge of the deceased.* In making such an objection, it was assumed that defendant was an eyewitness; and, moreover, such defendant voluntarily became a witness in the case for the purpose of disclosing the facts regarding the accident. We do not feel that the cited case is applicable to the facts before us. In this case defendant failed to disclose that he was an eyewitness; and there is no evidence that defendant was such a witness.

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).— REPORTER.

With the possible exception of defendant and his wife, there appear to have been no eyewitnesses to the accident. In the absence of the testimony of eyewitnesses, it is presumed that the deceased was in the exercise of due care at the time of the accident. We are of the opinion that the trial court erred in holding that the burden was upon the plaintiff to show freedom from contributory negligence, on the part of decedent, in view of the presumption of due care.

Judgment should be reversed and new trial granted, with costs to plaintiff.

BUSHNELL, C. J. Not being able to agree with all of Justice MCALLISTER's reasoning, I only concur in the result.

POTTER, J., concurred with BUSHNELL, C. J.

SHARPE, J. I am not in accord with the opinion of Mr. Justice MCALLISTER. There were no eyewitnesses who testified to seeing the actual collision, but the pleadings alleged that decedent was crossing the intersection diagonally from the northwest corner to the southeast corner of the intersection. The answer filed by defendant admitted this allegation. Such action upon the part of decedent was in violation of ordinance No. 78, § 41, of the city of Big Rapids which reads as follows:

"All pedestrians crossing streets shall cross at intersection and on sidewalk line or within limits established by the chief of police."

The principal question in this case concerns the contributory negligence of decedent. Citation of authority is unnecessary to establish the principle that where there are no eyewitnesses to the death, the law will presume that decedent was in the exer-

cise of ordinary care, but where there are eyewitnesses the presumption of due care on the part of decedent vanishes.

In *Foote* v. *Huelster,* 272 Mich. 194, we said:

"Where there is an eyewitness to an accident the issue of due care rests upon proof and not upon presumption. This is so even if the eyewitness is the adverse party."

In my opinion the defendant was an eyewitness to the accident. He was presumed to see what was there to be seen. The estate of decedent was not barred from taking the testimony of defendant. The representative of an estate may compel the living party to testify.* *Fox* v. *Barrett's Estate,* 117 Mich. 162. Moreover, the facts and circumstances surrounding the accident strongly indicate that decedent was not in the exercise of due care. Decedent was struck while walking diagonally across the intersection. The record establishes the fact that decedent was struck in the southeast quarter of the intersection about 18 feet north of the south side of Maple street and about 20 feet west of the east side of Third avenue. Decedent was in a place he should not have been. He was violating the city ordinance and this is evidence of negligence. *Bade* v. *Nies,* 239 Mich. 37.

The judgment is affirmed, with costs to defendant.

CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred with SHARPE, J.

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—REPORTER.