WATERSTRADT *v.* LANYON DOCK CO.

1. DEATH—PRESUMPTION OF DUE CARE—EVIDENCE.
    The presumption of due care upon the part of one killed in an accident may be overcome by proof and where there is proof by eyewitnesses of facts and circumstances immediately surrounding the accident, the presumption in decedent's favor ceases.

2. Automobiles—Stopping—Assured Clear Distance Ahead.

It is incumbent upon a motorist so to operate his car that he can stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697 [a]).

3. Same—Rear-End Collision with Parked Truck—Fog Bank—Contributory Negligence as a Matter of Law.

Deceased motorist was guilty of contributory negligence as a matter of law where he so operated his car early on a December morning that he collided with rear end of parked truck visible to motorists only 15 feet away because of fog bank which enveloped it but which fog and nearby mist were apparent to motorists (1 Comp. Laws 1929, § 4697 [a]).

Appeal from Oakland; Shaffer (John C.), J., presiding. Submitted January 19, 1943. (Docket No. 77, Calendar No. 42,021.) Decided February 23, 1943.

Case by Rose Waterstradt, administratrix *de bonis non* of the estate of Edward F. Waterstradt, deceased, against Lanyon Dock Company, a Michigan corporation, and another for personal injuries received in collision with rear end of truck upon highway and causing death of decedent. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Henry A. Platt* and *Samuel S. Platt* (*Warning & Platt,* of counsel), for plaintiff.

*Cary & BeGole,* for defendant Lanyon Dock Company.

CHANDLER, J. Plaintiff's decedent lived at Walled Lake, Oakland county, and was employed in the city of Detroit. On the morning of December 8, 1938, he left home at about 5:30 a. m. to drive to his work, traveling by way of Northwestern high-

way which runs in a northwesterly-southeasterly direction at its point of intersection with Thirteen Mile road in Oakland county. Several hundred feet northerly from said intersection, the highway starts downgrade and the incline continues for a considerable distance beyond the intersection.

The testimony shows that near the low point in the grade, deceased's car collided with a truck parked on the highway, as a result of which he was killed. The truck was owned by defendant Fedak, and had been parked at the point of collision by one Molton, whom, it is claimed, was then in the employ of defendant Lanyon Dock Company.

At the conclusion of all the proofs, the trial court directed a verdict of no cause of action on the ground that the deceased was guilty of contributory negligence as a matter of law. Judgment in accordance with the verdict was entered, and this appeal followed.

The record shows that because of the low altitude at the place of accident a fog bank had enveloped the truck, rendering it invisible until after a driver had entered the bank and was within approximately 15 feet of it. It is plaintiff's contention that because of the lack of lights on the parked truck and the abnormal prevailing atmospheric condition, the testimony, viewed in the light most favorable to her, presented a jury question as to whether deceased was guilty of contributory negligence.

One of plaintiff's witnesses, who traveled the same road on the morning in question, testified that he did not see the truck until after he had entered the fog and was within 15 feet of the rear of it; that, however, he was able to avoid a collision. He stated that he could see fog as he passed the inter-

section with the Thirteen Mile road, and it appears that the fog was several hundred feet from this intersection.

Another witness gave similar testimony, and stated that the lights on his car, while traveling downgrade, would illuminate the road for about 100 feet ahead of his car; that he did not observe the fog, however, until he was about 25 or 30 feet distant therefrom.

One witness testified that a slight mist preceded the heavier fog that followed and that he first noticed the mist when about 50 feet away.

Still another witness testified he first saw the fog from a distance of 50 feet.

A police officer testified that he examined the roadway back of decedent's car for skid marks as evidence that the brakes had been applied before the accident but was unable to find any.

All witnesses for plaintiff seem to agree that the truck was not visible for more than about 15 feet in the fog.

We have reviewed the testimony in the light most favorable to plaintiff's claim, and have in mind the rule, where applicable, as to the presumption of due care surrounding deceased in the absence of eye witnesses, which, however, may be overcome as we stated in *Pomeroy* v. *Dykema,* 256 Mich. 100:

"There is proof by eyewitnesses of the facts and circumstances immediately surrounding the accident, and from such proof fair and reasonable inferences may be drawn as to whether or not plaintiff's decedent did exercise reasonable care in attempting to cross the street. Under such circumstances the presumption in his favor ceases. *Richardson* v. *Williams,* 249 Mich. 350; *Elrich* v. *Schwaderer,* 251 Mich. 33."

See, also, *Thomas* v. *New York Cent. R. Co.*, 267 Mich. 396.

It was incumbent upon deceased to operate his motor vehicle in the manner prescribed by 1 Comp. Laws 1929, § 4697 (a) (Stat. Ann. § 9.1565[a]).

From the testimony of plaintiff's witnesses who had knowledge of the existing conditions at about the time the accident occurred, it must be concluded that the fog surrounding the truck was visible to approaching drivers for a considerable distance. Deceased should have had his car under such control as to have enabled him to bring it to a stop within the assured clear distance ahead, and it is apparent from a reading of the record that had he done so, the fatal collision would not have occurred. The fog bank was visible to any driver who was making proper observation of the road ahead. If the density of the atmosphere obscured the road from the vision of deceased, he should have operated his car, in view of these circumstances, in such a manner as would have enabled him to stop at once if necessary. *Thompson* v. *Southern Michigan Transportation Co.*, 261 Mich. 440. See, also, *Russell* v. *Szczawinski*, 268 Mich. 112.

We find that deceased was guilty of contributory negligence as a matter of law, and that an exception to the applicable law, as outlined, should not prevail, as plaintiff argues, because the atmospheric conditions present at the point of accident did not prevail generally.

This disposition of the case renders discussion of other questions raised unnecessary.

Judgment affirmed, with costs to appellees.

Boyles, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.