### DELFOSSE *v.* BRESNAHAN.

1. AUTOMOBILES—PEDESTRIANS—REPORTS—CHIEF OF POLICE—EVIDENCE.

In action by administrator of estate of pedestrian for fatal injuries, while defendant motorist's report of the accident to chief of police was excluded as privileged under statute requiring report to be made, the chief of police was properly permitted to testify as to the measurements and observations he made at the place where the accident occurred (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939).

---

* See Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957).—REPORTER.

Burden of proving contributory negligence, see 2 Restatement, Torts, § 477.

2. DEATH—PRESUMPTION OF DUE CARE ON PART OF DECEDENT.
   In the absence of eyewitnesses to accident wherein pedestrian was killed when hit by defendant's car, presumption arose that decedent was free from contributory negligence.

3. SAME—PRESUMPTIONS—CONTRIBUTORY NEGLIGENCE—PEDESTRIAN.
   Presumption that pedestrian, killed when defendant motorist ran into him, was free from contributory negligence continued where undisputed testimony shows that defendant who was not called as a witness had stated that he did not see the accident and did not know he had hit a man until he stopped his car, since under such circumstances motorist is not presumed to have seen what was plainly discernible.

4. AUTOMOBILES—PEDESTRIANS—PLACE OF IMPACT—EVIDENCE.
   The place of impact between a pedestrian and a car may not be established only from position of the body and location of blood stains when circumstances show the pedestrian to have been struck with tremendous force.

5. SAME—PEDESTRIANS—CROSSING STREETS.
   Unless forbidden by ordinance, a pedestrian has a right to cross a street at any place in the block.

6. DAMAGES—DEATH—INSTRUCTION TO PROBATE COURT—STATUTES.
   In action against motorist by administrator of estate of pedestrian who was survived by a widow and seven minor children, instruction as to damages recoverable which did not follow letter of statute directing circuit court to advise probate court as to total pecuniary loss suffered by decedent's surviving spouse and next of kin and proportion suffered by each and amount distributable to each after payment of medical, hospital, funeral and burial expenses *held*, not prejudicial error when charge is considered as a whole and no complaint is made that verdict was excessive (3 Comp. Laws 1929, § 14062, as amended by Act No. 297, Pub. Acts 1939).

Appeal from Menominee; Bell (Frank A.), J. Submitted April 9, 1943. (Docket No. 35, Calendar No. 42,322.) Decided June 7, 1943.

Case by Joseph Delfosse, administrator of the estate of Edward Delfosse, deceased, against Henry J. Bresnahan for damages resulting from the death of decedent. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*William J. Clancy* and *George Barstow,* for plaintiff.

*Doyle & Doyle,* for defendant.

BUTZEL, J.   Edward Delfosse, plaintiff's decedent, about 5 p. m. on December 8, 1941, was killed near the intersection of State street and Fish court in Menominee, Michigan, when struck by an automobile driven by defendant Henry J. Bresnahan. There were no eyewitnesses to the accident.   Defendant immediately thereafter went to a house nearby and stated that he had hit a man and asked the use of a telephone.   He summoned the fire chief who evidently was in charge of the ambulance service.   The fire chief testified that upon his arrival at the scene of the accident shortly thereafter, defendant told him he did not "see a thing until he heard a thud.   At first he thought maybe somebody threw something at him, at the side of the car, so he stopped and investigated and found a man."   A city fireman also testified that defendant stated: "I didn't see the man."   Defendant made a report to the chief of police, but it was excluded as privileged under 1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1942 Cum. Supp. § 9.1590). The chief of police, however, was properly permitted to testify as to the measurement of distances he made on the street at the place where the accident occurred, also that there were red spots, evidently blood, beginning 32 feet south of the crosswalk at the intersection and appearing at intervals of 7 feet for 49 feet; that he saw what appeared to be a small piece of clothing embedded in one of the red spots; that he examined defendant's Pontiac coupe the same evening and found that the Indian head emblem usually on the front of the car

and near the top of the hood was missing. He also testified that he found the indentation on the front hood and a crack in the chrome that goes around the hood. He described the indentation as a "fair indentation," a "slight one," one easily seen. The photograph exhibit introduced in evidence shows an indentation or a deep depression of considerable size. The missing Pontiac emblem was also found on the street near the place of the accident.

Decedent up to the time of the accident had been employed by a brewing company whose plant was five blocks distant from where the accident occurred. On the day of the accident decedent's work ended at 4 p. m. He thereupon went to the keg room where he and other employees ate and drank. The testimony shows that he drank three glasses of beer. The doctor who testified for defendant stated that he made an urinalysis shortly after decedent's body was brought to the hospital and found sufficient alcohol present so as to cause intoxication. He testified that there was a percentage of twenty-two hundreths but that twenty-hundreths would not cause intoxication. He was not asked how much more resistance to alcohol a brewery employee accustomed to drinking would have than one not accustomed to drinking. On the other hand, four fellow workmen testified that decedent was sober when he left the brewery shortly before 5 p. m., and just prior to the accident. The jury to whom the case was submitted found in plaintiff's favor and rendered a verdict of $8,200.

Defendant was charged with operating his car at a greater speed than was proper, neglecting to keep a proper outlook, and also failing to keep his automobile under such control so as to enable him to bring it to a stop within the assured clear distance

ahead.* The condition of decedent's body, whose internal vital organs were split open, and the damaged condition of defendant's car indicate that plaintiff was hit with very great force and thrown a considerable distance. This in turn would indicate that the car was driven at a very rapid speed. Defendant described the blow as a "thud" as if someone had thrown something against the car.

There apparently were no eyewitnesses. The presumption arose that decedent was free from contributory negligence. Defendant on appeal claims that under the rule laid down in *Peck* v. *Hampel*, 293 Mich. 252, defendant was presumed to see what was plainly discernible and, therefore, he should have been called as a witness. He, however, overlooks the fact that according to the testimony of several disinterested witnesses, defendant stated he did not see the accident, did not know he had hit a man until he stopped his car. Under the circumstances the presumption continued. Defendant did not take the witness stand to deny the statements attributed to him by these disinterested witnesses. The case is ruled by *Gillett* v. *Michigan United Traction Co.,* 205 Mich. 410; *Petersen* v. *Lundin,* 236 Mich. 590; *Wilkins* v. *Bradford,* 247 Mich. 157; *People* v. *Good,* 287 Mich. 110.

From the measurements taken defendant tried to prove that decedent was not crossing the street at the intersection when he was struck. We know of no rule establishing the place of impact from the position of the body and the location of blood stains when the circumstances show that the person was struck with tremendous force. Unless forbidden by

---

* See 1 Comp. Laws 1929, § 4697, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1942 Cum. Supp. § 9.1565).—Reporter.

ordinance, the pedestrian has a right to cross a street at any place in the block. *Wallace* v. *Kramer*, 296 Mich. 680.

Decedent left a widow and seven minor children. Defendant complains that the judge instructed the jury that it was his duty to direct the probate court how to apportion any sum awarded between the widow and the children, and he gave them a sheet of paper containing the names and ages of the widow and each child with instructions that if a general verdict for plaintiff was rendered, it was to be in one lump sum, but the jury should inform the court on the paper how the amount was apportioned. Complaint is also made that the court in this connection instructed the jury that if they reached the question of damages, to award such sums as the widow and minor children respectively might *reasonably have expected* to receive for their support and maintenance from decedent during the periods they legally would have been entitled to such support and maintenance. The court, however, previously had fully instructed the jury as to the correct rules by which to compute the damages of the widow and the respective children, and he further told them to use their common sense based upon their experience in life in coming to their conclusion. By 3 Comp. Laws 1929, § 14062, as amended by Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14062, Stat. Ann. 1942 Cum. Supp. § 27.712), the circuit court is directed to advise the probate court by written opinion as to the amount of the judgment representing the total pecuniary loss suffered by the surviving spouse and the next of kin and the proportion of such pecuniary loss suffered by each of them, as shown by the evidence introduced upon the trial of the case, and the amount to be distributed to each of them after the reasonable medical, hospital, funeral and

burial expenses have been deducted. The instructions did not follow the letter of the statute, but, when the charge is considered as a whole, and no complaint is made that the verdict was for an excessive amount, there was no prejudicial error. See *Jewell* v. *Rogers Township,* 208 Mich. 318.

The judgment is affirmed, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.