SCHILLINGER *v.* WYMAN.

1. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—DEATH
—PRESUMPTIONS.
> Plaintiff administrator, suing motorist with whose car decedent
> pedestrian collided and was instantly killed, is not entitled to
> the benefit of the presumpton that decedent was free from
> contributory negligence, where the surviving defendant saw
> decedent at all before the collision, since the defendant was
> an eyewitness.

2. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS A MATTER
OF LAW.
> Pedestrian was guilty of contributory negligence as a matter of
> law, where he crossed 4-lane, 40-foot paved highway on a dry,
> clear midsummer night in front of a country tavern and near
> cabins where lights illuminated the road, his eyesight was good
> and, while the highway curved somewhat, there was a clear,
> unobstructed view for several hundred feet in the direction
> from which defendant approached with her lights on and in
> her outside lane.

Appeal from Berrien; Fox (Raymond W.), J.,
presiding. Submitted June 12, 1951. (Docket No.
25, Calendar No. 45,023.) Decided September 5,
1951.

Case by Ernest A. Schillinger, administrator of the
estate of J. Frank Coffey, deceased, against Mildred
Wyman for damages resulting from death of de-
cedent when he was struck by defendant's automo-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles § 606.
[2] 5 Am Jur, Automobiles § 706.
[2] Duty and liability to person struck by automobile while cross-
ing street at unusual place or diagonally. 14 ALR 1176; 67
ALR 313.

bile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Rolland E. Barr,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for defendant.

DETHMERS, J. On a dry, clear, midsummer night plaintiff's decedent left a country tavern on the west side of a 4-lane, 40-foot paved highway, intending to walk to some tourist cabins located directly across the road. There were no other buildings in the vicinity. Lighted signs in front of the tavern and cabins illuminated the road somewhat. Decedent's eyesight was good. Some distance to the south the highway curved gradually, but there was a clear, unobstructed view of the payment in that direction for several hundred feet. Defendant was driving her automobile north in the most easterly lane. Her lights were on. No other automobiles or traffic were in sight in either direction. A collision between decedent and defendant's left front fender occurred in the most easterly lane, blood and skid marks indicating that at the instant of impact decedent was on the most westerly part of that lane. He was killed instantly. Shortly after the accident defendant told an officer that she had not seen decedent until she was practically upon him. A witness for plaintiff testified that from what he learned he knew that defendant saw the accident. There were no other eyewitnesses.

Defendant was present at trial but was not called as a witness. Plaintiff offered no proofs concerning decedent's actions from the time he left the tavern until the accident. There is nothing in the record from which it might be inferred that he was free from contributory negligence. Plaintiff has con-

tended, however, both on trial and on appeal, that it should be held that there were no eyewitnesses and that, therefore, decedent must be presumed to have been free from contributory negligence. As authority he cites *Adams* v. *Iron Cliffs Co.,* 78 Mich 271 (18 Am St Rep 441); *Gilbert* v. *Ann Arbor R. Co.,* 161 Mich 73; *Gates* v. *Beebe,* 170 Mich 107; *Parsons* v. *E. I. Du Pont De Nemours Powder Co.,* 198 Mich 409 (LRA1918A 406, 16 NCCA 625); *Clark* v. *Lawrence Baking Co.,* 240 Mich 352; *Russo* v. *City of Grand Rapids,* 255 Mich 474; *Petersen* v. *Lundin,* 236 Mich 590; *Hinchey* v. *J. P. Burroughs & Son Co.,* 240 Mich 273; *Wilkins* v. *Bradford,* 247 Mich 157; *Gillett* v. *Michigan United Traction Co.,* 205 Mich 410; *Fairchild* v. *Detroit, Grand Haven & M. R. Co.,* 250 Mich 252; *Delfosse* v. *Bresnahan,* 305 Mich 621; *Fenn* v. *Mills,* 243 Mich 634; and *Gembolis* v. *Rydeski,* 258 Mich 521. Defendant, on the other hand, urged on trial, as now, that under the authority of such cases as *Black* v. *Ambs,* 307 Mich 644; *Foote* v. *Huelster,* 272 Mich 194; *Buchel* v. *Williams,* 273 Mich 132; *Collar* v. *Maycroft,* 274 Mich 376; *Kalbfleisch* v. *Perkins,* 282 Mich 27; *Peck* v. *Hampel,* 293 Mich 252; and *Faustman* v. *Hewitt,* 274 Mich 458, defendant must be held to have been an eyewitness, removing the presumption and leaving the question of decedent's freedom from contributory negligence a subject for proof by plaintiff. There having been no such proof, the trial court granted defendant's motion for a directed verdict of no cause for action. Plaintiff appeals.

In seeking to reconcile the holdings in the above cases cited by plaintiff with those cited by defendant, it might seem that, with certain exceptions, a possible generalization might be drawn to the effect that the availability of the presumption to a plaintiff's case depends upon the failure of the surviving defendant to have seen enough of decedent's actions

prior to and at the time of the accident to constitute defendant an actual eyewitness. The application of that test will hardly serve, however, to reconcile the adoption of the presumption in *Petersen* v. *Lundin, supra; Fenn* v. *Mills, supra;* and *Hinchey* v. *J. P. Burroughs & Son Co., supra,* with its rejection in *Collar* v. *Maycroft, supra,* and *Faustman* v. *Hewitt, supra,* the defendant in each of those cases, as in the instant case, having seen the decedent but an instant before the accident when it was too late for either to avoid it. That the amount of opportunity for and length of time during which defendant observed decedent prior to the accident, if at all, are factors to which but scant, if any, significance attaches, in the judgment of this Court, would appear from our failure to so much as touch upon or mention them in our opinions in *Foote* v. *Huelster, supra,* and *Peck* v. *Hampel, supra,* this Court having contented itself in the latter case with the observation that defendant was presumed to have seen decedent before the accident and, hence, to have been an eyewitness, thus removing the presumption of decedent's due care. A further possible explanation of the apparently irreconcilable conflict in the holdings of this Court on the subject may be that, with the single exception of *Delfosse* v. *Bresnahan,* 305 Mich 621, in which defendant had admitted before trial that he had not seen decedent at all prior to the accident, the above cited cases relied upon by plaintiff antedate *Foote* v. *Huelster, supra,* and that the latter represents a turning point in the views of this Court, supporting, as do our subsequent decisions, the contention of defendant that the presumption is not indulged if the surviving defendant saw decedent at all before the accident. Under the latter holdings it would follow in the instant case that plaintiff is not entitled to the benefit of the presumption in view of the testimony that defendant saw decedent when she was

practically upon him and the further testimony that she saw the accident.

If it were to be assumed, however, that defendant did not see decedent at all before the accident and that there were, accordingly, no surviving eyewitnesses whatsoever, the presumption of decedent's freedom from contributory negligence should nevertheless be deemed to have been overcome and rebutted by proofs of the physical facts in this case, which show decedent to have been guilty of contributory negligence as a matter of law. This, we think, follows from our holdings in *Elrich* v. *Schwaderer*, 251 Mich 33; *Waterstradt* v. *Lanyon Dock Co.*, 304 Mich 437; *Thomas* v. *New York Central Railroad Co.*, 267 Mich 396; *Rushford-Surine* v. *Grand Trunk Railway Co.*, 239 Mich 19; *Tomczyk* v. *Detroit, Grand Haven & M. R. Co.*, 267 Mich 474; *Pomeroy* v. *Dykema*, 256 Mich 100; *Russo* v. *City of Grand Rapids*, 255 Mich 474; and *Richardson* v. *Williams*, 249 Mich 350. The night was clear, visibility and decedent's eyesight were good, he had a clear, unobstructed view of defendant's approaching car for several hundred feet, there was no other traffic to confuse him, the highway was lighted somewhat by lights in front of the tavern and cabins, and defendant's lights were on. Decedent could and should have seen defendant's car approaching; it did not suddenly swerve toward him, but approached and collided with him in its own outer lane. Decedent either failed to make proper observation before entering the east lane or, having made it, failed to see what was plainly there to be seen, *viz.*, defendant's car approaching him or, having seen it, negligently took his chances and proceeded in the face of known danger, with the result that he walked into the side of or stepped immediately in front of defendant's left-front fender. In any such event, viewing the testimony in the light most favorable to plaintiff, dece-

dent was guilty of contributory negligence as a matter of law. *Heckler* v. *Laing,* 300 Mich 139. Had he given due heed and taken the precautions which an ordinary, careful and prudent person would have taken under like circumstances, it is inconceivable that the collision could have occurred.

Affirmed, with costs to defendant.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.