GEORGE F. STAKER, Plaintiff, v. SUSAN A. McSWEENEY, also known as Susan A. Ireland, and JOSEPH IRELAND, Defendants.

(*November* 13, 1962.)

WRIGHT, J., sitting.

*Robert C. O'Hora* and *John P. Daley* for the plaintiff.

*F. Alton Tybout* (of Prickett, Prickett and Tybout) for the defendants.

Superior Court for New Castle County, No. 1652, Civil Action, 1960.

WRIGHT, J.:

On December 3, 1959, defendant Susan Ireland, hereafter referred to as defendant, was driving east on Route 273, New Castle County, Delaware. At approximately 7:45 A.M. defendant was proceeding about thirty miles per hour through heavy fog which limited her visibility to about fifteen feet.

At the same time, plaintiff had brought his car to a stop behind a line of approximately ten cars which was waiting for a change of the traffic signal at the intersection of Route 273 and Route 40. Plaintiff noticed the approach of defendant's car and blinked his rear lights to warn defendant. Defendant has stated, in pre-trial discovery, that plaintiff's lights were

visible when she first observed plaintiff's car. Defendant attempted to apply her brakes, but, nevertheless, collided with plaintiff's car.

Plaintiff has moved for summary judgment upon the issue of liability, alleging that the record facts demonstrate that defendant was negligent as a matter of law. There is no allegation or evidence of contributory negligence, as plaintiff was lawfully stopped and displaying warning lights at the time of the accident.

Plaintiff asks this Court to adopt the "assured clear distance rule", which requires an operator of a motor vehicle to drive at a speed to allow a stop within the assured clear distance ahead. This subject is treated comprehensively in 42 A. L. R. 2d 13. It appears that many of the jurisdictions adopting this rule have done so by statute. Delaware does not have such a statutory requirement. Compare 21 *Del. C.* § 4125. Therefore, such cases as *Waterstradt v. Lanyon Dock Co.*, 304 Mich. 437, 8 N. W. 2d 128 (1943), are clearly distinguishable. See also *Notarianni v. Ross*, 384 Pa. 63, 119 A. 2d 792 (1956).

In addition, plaintiff improperly relies upon those decisions in which a finding of negligence was supported by an allegation that the driver was not observing the road ahead, a contention not present here. See *Pivoda v. Wood*, 345 Ill. App. 503, 104 N. E. 2d 123 (1951).

As applied to the facts of the instant case, and independent of statute, the assured clear distance rule does have support in other jurisdictions. As the Supreme Court of Wisconsin stated:

"* * * when the view of the driver of an automobile is obstructed, whether by reason of a grade or otherwise, the speed of the car should be so reduced that the car can be stopped within the distance the driver can see ahead." *Reuhl v. Uszler*, 255 Wis. 516, 39 N. W. 2d 444, 448 (1949). Accord: *Tufts v. White*, 92 N. H. 158, 26 A. 2d 679 (1942), and *Schneller v. Handy*, 93 So. 2d 238 (La. Court of Appeal, 1951).

■    The rule has been criticized as too inflexible and arbitrary. The objections to it are examined in depth in *Keffala v. Satterfield*, 5 Terry 524, 62 A. 2d 437 (1948), a case upon which the defendant here relies heavily. The cases cited by the court in *Keffala* and upon which the decision seems to be based demonstrate judicial apprehension at the adoption of the rule due to certain illogical results obtained by applying it to some factual situations. But where the application of the rule in the proper case serves justice well, it would seem just as wrong not to invoke it as to do so in a circumstance where the result is injustice.

■    The rule has no application where an emergency has been created. *Cf. Panaro v. Cullen.* 185 A. 2d 889 (5 Storey 187). The emergency doctrine is not relied upon by the defendant here. I also agree that the rule should not be applied to the detriment of progress or the orderly and expeditious movement of traffic upon the highways.

The facts of the present case clearly distinguish it from *Keffala*. There the defendant's vehicle was standing upon the highway at night, without lights, in a heavy snow storm when the plaintiff collided with it. Here the plaintiff's vehicle was stopped in obedience to a traffic control signal, displaying lights. The defendant was approaching at a speed of thirty miles per hour when the visibility was limited to fifteen feet by fog. The defendant justifies her speed by pointing to the increased danger of being struck from behind if her speed had been decreased. This contention is clearly without merit. A reduced speed under these circumstances was not only required by statute (21 *Del. C.* § 4125(b)) but also by the plain fact that her method of operation was such that by the time she observed an object in front of her and in her path she would be physically incapable of stopping to avoid colliding with it, regardless of the quantity or quality of warning devices displayed by such object.

I have no doubt that the defendant's actions constitute negligence as a matter of law. Motion granted.

Upon presentation an order will be entered in accordance with this opinion.