## STANDARD OIL COMPANY *v.* SWAN.

### (*Nashville.* December 16, 1890.)

EVIDENCE. *Business methods of a particular individual not admissible upon question of due care.*

Swan sued the Standard Oil Company for value of property destroyed by fire, which he avers originated through the negligence of that company in the conduct of its business. Upon the question of the company's exercise of due care the plaintiff was permitted, over defendant's objection, to prove the particular methods employed by an individual in the conduct of a like business. This proof was made by a mere clerk, who was not an expért, nor examined as such.

*Held:* This was error. This evidence does not satisfy the rule under which the custom and usage of well-appointed and managed companies engaged in like business is admitted upon the issue involved.

Case cited and approved: Railway Company *v.* Manchester Mills, 88 Tenn., 663.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. W. K. McALISTER, J.

EAST & FOGG and VERTREES & VERTREES for Standard Oil Company.

STEGER, WASHINGTON & JACKSON and DICKINSON & FRAZER for Swan.

TURNEY, Ch. J.   This action was instituted in the Circuit Court to recover damages for a loss by fire communicated to Swan's property from burning buildings, oils, etc., of plaintiff in error, alleged to have become fired through the negligence of the oil company.

There was recovery and an appeal to this Court.

Defendant in error introduced McIlwain, who testified that he was employed at the Cassetty oilworks; that Mr. Cassetty was not able to be present as a witness.   Over objection he stated that they keep, in small quantities, gasoline, benzine, and naphtha.   The objection was to the effect that the witness "might show how such business is conducted in general, but could not show how Mr. Cassetty or any other particular man does business."

Mr. Cassetty had been in the business about five and one-half years.

The witness does not show himself to be an expert in the business, but describes the manner of Mr. Cassetty in its conduct.

In his charge to the jury, the Court said: "Proof has been admitted as to how individual dealers in this vicinity stored and handled these substances.   While this proof is competent as evidentiary facts, you are not to understand the defendant's liability is to be controlled by the usage of any particular dealers; but the question is whether the defendant conducted its business as a reasonably prudent man, dealing in the character of materials, would have done."

Custom and usage of well-appointed and managed companies engaged in the business of the Standard Oil Company would have been competent evidence on the question of the care and diligence required in the proper conduct of the business (4 Pickle, 663); but did the evidence admitted satisfy the rule? We think not. The witness does not show that he was acquainted with the usage and custom of well-appointed and well-managed concerns of the kind. He only knows of the conduct of one, without explaining his relation to it. What influence, or whether any, the testimony of this witness had with the jury is not for us to say. It is sufficient to know that it might have had the effect to induce the jury to try the case by a comparison of the ways in which the businesses of the two houses were conducted, and yield its judgment to the favor of that one which escaped conflagration. To hold that the testimony as given was competent for the consideration of a jury, would be to hold that the custom and usage of one company, comparatively small, with less inducement to care, should prevail over one of a large business, with the greatest incentives to watchfulness and caution. The evidence, to be competent, must amount to something going to establish a custom in the business under investigation.

While the Court told the jury that "while this proof was competent as evidentiary facts, it was not to understand the defendant's liability was to

Standard Oil Company *v.* Swan.

be controlled by the usage of any particular dealers," the impression of their right and power to consider or determine the value of it for themselves was not removed, and we can have no assurance that it did not largely tend to bring about the verdict.

In overruling the objection to the testimony the Court stated the rule with substantial accuracy, but that statement, under the facts, was calculated to mislead.

The judgment is reversed.