Rockingham,
Nov. 3, 1920.

### HANNAH M. WILLIAMS *v.* FRED K. DUSTON.

A verdict is ordered for the plaintiff only when the sole inference from undisputed facts conclusively establishes the plaintiff's case.

Declarations as to boundary made by the husband of a grantor, he being alive and within the jurisdiction, are inadmissible.

TRESPASS, *q. c. f.*, for cutting down and carrying away the wood and timber on certain lands in Chester. Trial by jury and verdict for the defendant. The defendant admitted the entry and cutting but claimed title to the timber under a deed from one Annie Head. At the close of the evidence the plaintiff moved the court to direct a verdict for her on the issue of title. This motion was denied and the plaintiff excepted. Subject to exception the defendant was permitted to testify that after his purchase one Samuel Morse, husband of his grantor, showed him the bounds to which he later cut as

the bounds between the Head land and land of the plaintiff. Morse could have been called to testify, but was not.

Transferred by *Sawyer*, J., from the May term, 1919, of the superior court.

*Bartlett & Grinnell (Mr. Bartlett* orally), for the plaintiff.

*Scammon & Gardner (Mr. Scammon* orally), for the defendant.

PARSONS, C. J. The lands owned by Annie Head and the plaintiff comprised a strip extending north and south between two highways in Chester. The question was where on the ground was the line of division between the adjoining lots, the plaintiff owning the northerly end and the Head land comprising the southerly portion.

As Morse was living and could have been made a witness, hearsay testimony as to his statements as to the bounds was incompetent. *Mason* v. *Knox*, 66 N. H. 545; *Flagg* v. *Mason*, 8 Gray 556. This error destroys the verdict.

The plaintiff excepts to the refusal to order a verdict for her. The burden was on the plaintiff to prove her title, or her possession of the land if the defendant had no title. This depended in this case upon the inferences to be drawn from several disconnected deeds which were in evidence, the indications upon the grounds of prior cutting and occupation, as to which there was conflict in the evidence, and the weight to be given the testimony of the plaintiff's witnesses. Only in exceptional cases may a verdict as matter of law be ordered in favor of one who has the burden of proof. Ordinarily in such cases the opposing party has the right to have the evidence weighed by the jury. For this reason a nonsuit is not ordered on evidence furnished by the defendant. *Pillsbury* v. *Pillsbury*, 20 N. H. 90, 97; *Nawn* v. *Railroad*, 77 N. H. 299, 305. A verdict is ordered for the defendant when the plaintiff offers no evidence from which reasonable men can infer the burden of proof has been sustained. It is not ordered for the plaintiff because the defendant offers no evidence. It is only when from undisputed facts the only inference that can reasonably be drawn conclusively establishes the plaintiff's case that he is entitled to a verdict as matter of law. *Hill* v. *Carr*, 78 N. H. 458, 462; *Arnold* v. *Prout*, 51 N. H. 587. That is not this case.

*Exception to evidence sustained: verdict set aside: new trial.*

WALKER, J., was absent: the others concurred.