Hillsborough, }
Dec. 7, 1937. }

JOHN J. BUFFUM, *Adm'r v.* DAVID W. BUFFUM.

*Timothy F. O'Connor, Myer Saidel* and *J. Francis Roche (Mr. Roche* orally), for the plaintiff.

*Devine & Tobin (Mr. Tobin* orally), for the defendant.

MARBLE, J. After instructing the jury that the only question before them was that of damages, the Presiding Justice went on to

distinguish between the measure of damages in the event of a finding that the decedent "did not die as a direct result . . . of the accident" and the rule to be applied in case of a finding that her death was so caused. He next referred to the burden of proof on the issue of damages and then said: "The claim being made that defendants were negligent here must be proven, and is proven if, upon all the evidence in the case you are satisfied that the probabilities favor the claim that the defendants were negligent."

Invoking the rule which obtains in some jurisdictions permitting a judge to comment on the evidence (*State* v. *LaVerne*, 83 N. H. 419, 421), plaintiff's counsel suggest that the opening paragraphs of the charge merely embody the trial court's opinion of the merits of the controversy and that the jury must have understood from the instructions last quoted that the question of liability was submitted to them for decision.

It is unnecessary at this time to determine how far a judge in this State may express his view of the facts for the assistance of the jury, since that part of the charge to which exception was taken cannot be interpreted other than as an imperative instruction. If we assume, as the plaintiff contends, that the question of David W. Buffum's negligence was definitely submitted for a finding (the reference to "defendants" being inadvertent), then the instruction on that issue was in direct contradiction to the instructions given at the beginning of the charge and cannot have failed to mystify the jury. *Cohn* v. *Saidel*, 71 N. H. 558, 566. See also *Smith* v. *Railroad*, 88 N. H. 430, 433.

But the plaintiff claims that, although this be true, the verdict of the jury must stand, since both the evidence and the conduct of the trial clearly called for the direction of a verdict in his favor. This claim is untenable even on the assumption that a trial court may direct a verdict in the absence of a motion therefor.

The defendant was not obliged to introduce evidence but could if he saw fit, rely on the weakness of the plaintiff's case. *Gaudette* v. *McLaughlin*, 88 N. H. 368, 371; *Ingalls* v. *Railroad*, 83 N. H. 397, 398. "Only in exceptional cases may a verdict as matter of law be ordered in favor of one who has the burden of proof . . . . It is not ordered for the plaintiff because the defendant offers no evidence." *Williams* v. *Duston*, 79 N. H. 490, 491.

One of the plaintiff's witnesses testified that the defendant started the car "as if all the passengers had got out," that two of them had already alighted, and that he had "just barely started" when he

evidently "realized something had happened" and "stopped quick again." This conduct was not necessarily negligent. There may have been circumstances which justified a reasonable belief on the defendant's part that the decedent had alighted with the others, and the plaintiff was required to establish the defendant's lack of ordinary care by a balance of probabilities. In this situation, the court could not properly direct a verdict on the issue of liability. *Williams* v. *Duston*, 79 N. H. 490; *Hussey* v. *Railroad*, 82 N. H. 236, 240; *Webster* v. *Seavey*, 83 N. H. 60, 62; *Exeter Banking Co.* v. *Taylor*, 85 N. H. 458, 460. There is no express finding that the defendant abandoned his defence on that issue and, in view of his motions for a nonsuit and directed verdict, a finding to that effect would be unwarranted.

*New trial.*

All concurred.