Strafford, June 2, 1942. } No. 3320.

WOODROW W. TUFTS *v.* GEORGE M. WHITE & *a.*

*William N. Rogers* and *Jonathan Piper* (by brief and orally), for the plaintiff.

*Hughes & Burns, Walter A. Calderwood* and *Ovila J. Gregoire* (*Mr. Burns* orally), for the defendants.

BRANCH, J. The ruling of the trial court that the plaintiff was guilty of contributory negligence presupposes a finding that the evidence will permit of no other conclusion with reference to the

alternative grounds upon which the order was based, *i.e.*, the excessive speed of the car or the intoxication of the driver. *Exeter Banking Co.* v. *Taylor*, 85 N. H. 458, 460; *Williams* v. *Duston*, 79 N. H. 490, 491. If the evidence upon either of these points is conclusive, the order of the trial court must be sustained. We, therefore, proceed to a consideration of the first ground stated by the Presiding Justice, *i.e.*, "that the plaintiff himself was guilty of negligence . . . with respect to the speed at which his car was moving under the circumstances of visibility which he admits existed."

The plaintiff, with his two brothers, George and Myron Tufts, and his brother-in-law Norbert Brannan, left their homes in Middleton upon the evening of July 27, 1939, for the purpose of attending a dance in Freedom, some twenty miles away. They were riding in a Chevrolet automobile owned by the plaintiff but driven by his brother George, with the plaintiff's full consent. The accident happened at about 10:30 P.M. when the automobile was in collision with a steam shovel which was being transported on a "gig" attached to a truck of the defendant corporation. The truck stopped on the road because of motor trouble and the collision occurred very soon thereafter, the exact time which elapsed being one of the matters in dispute.

The truck had just passed the top of a considerable grade and was stopped on a slight down grade on the opposite side. According to the driver, the plaintiff's car came up the hill at a speed of thirty-five or forty miles per hour and collided with the shovel without any perceptible slackening of speed. It was the claim of the plaintiff, violently contested by the defendants, that there were scattered patches of "blankets" of fog along the road and that there was a blanket of fog at the top of the grade in question through which the headlights of the automobile would pick up an object as big as the shovel only twenty to thirty feet in front. The evidence of the plaintiff's experts was that a car going thirty miles per hour could not be stopped in less than sixty to sixty-five feet. It was the claim of the plaintiff that fog concealed the shovel on the highway so that it was not seen by the driver until too late to avoid the collision; that the shovel was not properly lighted, and that the truck driver failed to put out flares as required by the statute. There was affirmative evidence that two red lanterns on the shovel were lighted, and the only suggestion to the contrary is found in the testimony of the driver and certain occupants of the plaintiff's car to the effect that if the lights had been lighted they would have seen them in time to avoid

the accident. This conclusion, not being based on adequate data, is entirely conjectural, while, upon the evidence, it is extremely doubtful whether sufficient time elapsed after the truck stopped to permit the putting out of flares.

From the above statement of the facts upon which plaintiff's claim was based, it is plain that the plaintiff's car plunged into a fog bank which largely obscured the vision of the driver, at a speed, the lowest estimate of which was thirty miles per hour, with nothing to indicate what was in or beyond the fog and with no possibility of stopping the car in less than sixty feet. Such conduct cannot be reconciled with the exercise of due care on the part of the driver.

In the recent case of *Fine* v. *Parella, ante,* 81 which dealt with a somewhat similar situation, we said: "The plaintiff findably drove his car where he could not see ahead at a speed in disregard of precaution to avoid dangers in the form of obstructions whether innocently or negligently in his path." Here it conclusively appears that the plaintiff's car was driven where the driver could not see ahead, at a speed in disregard of precaution to avoid dangers in the form of obstructions whether innocently or negligently in his path. The conclusion that the driver was guilty of negligence follows as a matter of law. "Driving a powerful machine at a great speed into a space where the driver cannot see, and where obstacles are reasonably to be expected, falls but little short of such a reckless disregard of the probable consequences as would be accounted wanton and wilful conduct. It is very much like entering such space with one's eyes closed." *Cole* v. *Morse,* 85 N. H. 214, 217.

For the driver's negligence plaintiff was responsible, either upon the ground that his brother George was acting at the time as his agent or that they were engaged in a joint undertaking. The ruling of the Presiding Justice appears to have been correct and in accordance with the evidence most favorable to the plaintiff. It is, therefore, unnecessary to consider the alternative ground stated by the Presiding Justice as the basis of his ruling.

*Exception overruled.*

All concurred.