### HARRY L. BRICKELL

*v.*

### BOSTON & MAINE TRANSPORTATION COMPANY.

*Sewall & Varney (Mr. Varney* orally), for the plaintiff.

*Hughes & Burns* and *Walter A. Calderwood (Mr. Calderwood* orally), for the defendant.

BRANCH, J.   Defendant's motions for a nonsuit and a directed verdict were properly denied.   The case was sent to the jury upon the claims of the plaintiff that three statutes had been violated by the defendant: 1, the parking statute; 2, the statute relating to the use of flares when a truck is parked on the highway; 3, the statute requiring trucks to be equipped with reflectors.

It is sufficient to say at this point that the evidence justified a finding that the statute regarding the use of flares was not complied with.   The statute reads as follows: "Every truck, bus, or tractor when operated outside the lighted area of towns or cities, except when stopping momentarily, must place one oil burning light or flare one hundred feet in front and another one hundred feet in the rear of such vehicle."   R. L., *c* 119, *s* 28.   No claim was made by the defendant that such flares were in use at the time and place of the accident.   On the contrary the driver of the truck testified that as soon as he stopped his truck he lighted a red light or fusee and carried it back about one hundred feet and stuck it in a pole beside the road about nine feet from the ground.   It was claimed by the defendant that the plaintiff ran by this light without paying attention to it.

The statute requires the use of an "oil burning light or flare" and does not authorize the use of something else which the driver may consider just as good.   It is therefore clear that the statute was not complied with in the present instance.   Whether this noncompliance was a causal factor in the accident or not was for the jury to determine.   Upon the evidence it was a question of fact whether the fusee was used by the driver at the time and in the manner claimed.   It

was also a question of fact for the jury whether a red light installed on a telephone pole nine feet above the surface of the road was as effective as an oil burning flare located in the road itself would have been to warn approaching travelers of the presence of the truck. The question whether the use of a fusee instead of an oil burning flare was causal was properly for the jury.

The argument of the defendant that the plaintiff was guilty of contributory negligence as a matter of law cannot be adopted. It rests principally upon the claim that the real cause of the accident was the defective condition of the plaintiff's brakes and that it conclusively appeared that the plaintiff failed to comply with the statute which requires that "every motor vehicle, operated or driven upon the ways of this state, shall be provided with adequate brakes in good working order and sufficient to control such vehicle at all times when the said vehicle is in use." R. L., c. 119, s. 4.

This argument as to the efficient cause of the accident receives strong support from the evidence, but we do not think that plaintiff's violation of the statute is conclusively established merely by showing that his brakes were out of order at the time of the accident. The plaintiff testified that his car passed the state inspection upon October 31, 1941, and the accident occurred upon December 22. The plaintiff further testified that so far as he knew on the date of the accident his brakes were in proper working condition and that just before the accident he had had occasion to stop at a toll bridge where his brakes operated properly. We think that the statute requires proof of the fact that the driver of a car knows or ought to know the defective condition of his brakes before he can be charged as a matter of law, with violation of the statute.

The verdict must be set aside, however, because of the Court's refusal to withdraw from the jury the issues of illegal parking and the condition of the defendant's reflectors. The driver of the truck testified that just before he reached the point of collision, as he was shifting from third to fourth speed, all the lights on the tractor and trailer went out. It subsequently appeared that this failure of lights was due to the blowing out of the fuse which controlled them. In this situation the driver testified that he was left in complete darkness but that he pulled as far as possible to the right and stopped his truck within about two trailer lengths.

This testimony was corroborated by two of the defendant's witnesses who were approaching from the opposite direction and observed the sudden failure of lights on the defendant's truck. The

plaintiff failed to produce any other evidence as to the reason for parking the truck where it was.

In this situation the defendant seasonably moved that "the issue of defendant's negligence be withdrawn from consideration of the jury, based upon its alleged failure to have its equipment pulled completely off the highway. First, on the ground it was disabled, according to the statute; and secondly, on the ground there is no evidence the equipment could have been parked completely off the highway."

The statute provides as follows: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district when it is practicable to park or leave such vehicle standing off that portion of such highway. . . . This section shall not apply to a vehicle so disabled that it must be temporarily left in such position." R. L., c. 119, s. 26.

In view of another statute which requires that every motor vehicle be equipped with lights (R. L., c. 119, s. 4), and in view of the decisions of this Court that it is negligence for a driver to proceed in a situation where he "cannot see and where obstacles are reasonably to be expected" (*Cole* v. *Morse*, 85 N. H. 214; *Tufts* v. *White*, 92 N. H. 158), we think it clear that a vehicle whose lights suddenly fail is "disabled" within the meaning of the statute and that in this situation it was not "practicable" for the driver of defendant's truck "to park or leave such vehicle standing off that portion of such highway."

Since there was no evidence of any other reason for parking the truck where it was and since the reason given showed no violation of the statute, the defendant's motion to withdraw the issue from the jury should have been granted.

In regard to the issue of reflectors the Court ruled as follows: "The Court rules that the truck complied with the law in having reflectors. The issue may be submitted to the jury whether they were visible or not at the time of the accident." The truck driver testified that he inspected the reflectors before he left Dover and that they were in good condition. Other testimony of the defendant was to the effect that the reflectors were in proper condition after the collision. Although the jury was not bound to believe this testimony, they could not use it as a basis for a contrary conclusion; *i.e.*, that the reflectors were not in good condition.

The plaintiff claims, however, that the jury might have found that

the reflectors were concealed by the canvas cover of the truck. This contention is based chiefly upon the testimony of Mr. Ogden, who was an inspector of the defendant, that the canvas cover of this truck was "standard" and that such standard covers were long enough so that they might hang down below the reflectors.

The only testimony as to the actual position of the cover on the truck in question was that of the driver who testified that the load of shoes which he was carrying at the time of the accident was so high that the canvas cover did not come within eighteen inches of the floor of the truck. There was no other evidence on the subject, and although the jury was entitled to disbelieve this evidence, they were not entitled to go further and use it as a basis for a finding that the cover in fact hung below the floor of the truck and obscured the reflectors. The mere physical possibility that standard covers were long enough to permit this result was not sufficient to sustain such a finding.

The answer to many of the other questions presented by this record are indicated above, and such questions as are not inferentially decided may not arise at another trial. Accordingly, they have not been considered.

*New trial.*

All concurred.

Rockingham,
Mar. 7, 1944. } No. 3463.