Rockingham, June 3, 1947. } No. 3663.

JAMES MACDONALD & a. v. JOHN W. APPLEYARD & a.

*John W. Perkins* (by brief and orally), for the plaintiffs.

*Hughes & Burns* (*Mr. Walter A. Calderwood* orally), for the defendants.

DUNCAN, J. The defendants moved to withdraw from the jury the issues of the defendants' violation of the statute which forbids

parking upon a travelled way when it is practicable to park elsewhere (R. L., c. 119, s. 26), the statutes requiring parking lights and flares to be displayed (ss. 27, 28), and the statute pertaining to reflectors (ss. 8, 10). The several motions were denied subject to exception. There was no dispute that when the accident occurred the defendant's vehicle was parked wholly upon the travelled way, without lights, and without flares. The highway was cement, twenty feet in width, with shoulders on either side consisting of black asphalt, varying in width from two and one-half to three and eight-tenths feet, bordered by grassed-over gravel. At a point just north of the scene of the accident the entire shoulder was approximately five and six-tenths feet in width gradually increasing to nine feet in width a distance of two hundred feet to the north. The defendant brought his vehicle to a quick stop in the right-hand lane when his lights suddenly failed because of a blown fuse. The trailer carried a load of approximately seven tons. The weather was clear, but it was "very dark." There was no moon, and there were no street lights in the vicinity. There was evidence that the driver had a flashlight with him which was used after the accident.

The issue arising out of the failure to comply with the statute (Id., s. 28) requiring, in addition to parking lights, that flares be placed ahead and behind a truck parked on a highway unless plainly visible because of street or other lights, was properly submitted to the jury. The evidence which established violation of this statute was not disputed. The defendant's vehicle was wholly upon the travelled way, without parking lights and without flares. Its stop was due to the failure of its lighting system, and was more than a momentary stop within the meaning of the statute. The defendants contend that submission of the issue was not warranted because there was no evidence that the absence of flares was due to fault or negligence on their part. They urge that the statute implies that a driver shall have a reasonable time in which to place the flares, and that the evidence did not warrant a finding that such a period elapsed before the accident occurred.

While the statute was not intended to establish absolute liability regardless of fault (Bowdler v. Company, 88 N. H. 331, 333, and cases cited), the plaintiffs' burden of going forward was sustained by a showing that the statute was not complied with. Proof of the failure to place flares when a vehicle is not "stopping momentarily" establishes violation of the statute, even though it is obvious that a reasonable time after stopping is a prerequisite to compliance.

Legal fault is established by proof of causal violation of such a statute (see *Frost* v. *Stevens*, 88 N. H. 164, 167), unless the offender can show that he is in fact without fault or responsibility therefor. A violation may be justified upon the ground of emergency not attributable to the operator (see, *Dunsmore* v. *Company*, 90 N. H. 407), or excused by reason of impossibility of compliance due to circumstances beyond his control. *Herman* v. *Sladofsky*, 301 Mass. 534; *Martin* v. *Tracy*, 187 Minn. 529; *Schwind* v. *Gibson*, 220 Ia. 377; 4 Blashfield, Cyclopedia of Automobile Law, s. 2682. The burden of meeting *prima facie* proof of violation by evidence of justification is upon the violator. *Huston* v. *Robinson*, 144 Neb. 553; *Martin* v. *Tracy*, *supra;* 9 Blashfield, *supra*, s. 6113; Note, 131 A. L. R. 562, 603.

The driver's testimony that the accident occurred almost as soon as his truck stopped presented an issue for the jury, and was to be weighed in the light of the other evidence and any reasonable inferences to be drawn therefrom, tending to prove the contrary. It was for the jury to say whether the violation was excused, or constituted legal fault.

Similarly the issue with respect to violation of the statutory requirement that the "visibility of reflectors shall not be impaired at any time" (*ss.* 8, 10, *supra*) was one to be determined by the jury. The plaintiff testified that there were no lights on the truck. There was evidence that the rear of the truck was "all dirty and dusty." It was a fair inference that the reflectors located directly behind the wheels, under the rail projecting out below the rear doors, were in the same condition. True, the driver testified that they were clean when the vehicle left Methuen, and an officer testified that he "didn't look at them but . . . they showed up good" after the accident. The jury was not obliged to believe this testimony. *Watkins* v. *Holmes*, 93 N. H. 53, 56. The other evidence afforded a basis for a contrary conclusion, and in this respect the case differs from *Brickell* v. *Company*, 93 N. H. 140, 143, relied upon by the defendants.

The exception to submission of the issue of violation of the parking statute stands somewhat differently. This statute (*Id. s.* 26), provides: "No person shall park or leave standing any vehicle . . . upon the paved or improved or main travelled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off that portion of such highway." It also expressly provides that it "shall not apply to a vehicle so disabled that it must be temporarily left" upon the travelled way.

If it could be found that it was "practicable," at least so far as the width and firmness of the shoulder were concerned, to move the heavily loaded unit off the travelled way, it conclusively appeared that the vehicle came within the exception relating to disabled vehicles. While the driver was familiar with the highway, it did not follow that he knew without investigation whether the shoulder in the vicinity of where he stopped would accommodate his loaded vehicle. He had a flashlight, but he was travelling alone, and there was no evidence that he could both operate the truck and light its way in the darkness which all hands agreed prevailed. Upon the evidence, a temporary stop before the vehicle could be left "standing off" the travelled way was unavoidable. The evidence did not warrant a finding that the stop had become longer than "temporary" so as to deprive the defendants of the benefit of the statutory exemption. In *Brickell* v. *Company, supra,* this court held that a truck without lights, under similar circumstances, was " 'disabled' within the meaning of the statute." This case is not distinguishable. The evidence established that the statute did not apply, hence there could be no violation. The issue of its violation was erroneously submitted. Whether the defendants might be found negligent apart from the statute is a question not requiring decision. Submission of the question of whether by stopping his vehicle wholly upon the travelled way the driver failed to exercise the due care required by common law is not foreclosed by this opinion.

The issue arising out of the failure to comply with the statute relating to parking lights was also erroneously submitted to the jury. While it was conceded that the statute was not complied with, there was no evidence of any reason for non-compliance except the failure of the lights, responsibility for which could not upon the evidence be attributed to the defendants. Like the statute requiring flares to be placed, this statute was not intended to impose absolute liability. Here the only evidence upon the question of fault showed the violation to have been occasioned by circumstances beyond the defendants' control. Upon the evidence reasonable men could not do other than find the defendants free from fault in parking without lights. In this situation the motion to withdraw the issue from the jury should have been granted. *State* v. *Harrington,* 69 N. H. 496; *Nawn* v. *Railroad,* 77 N. H. 299, 305.

Since there was evidence which warranted submission of some of the issues, the motions for nonsuits and directed verdicts were properly denied, unless causal negligence on the part of the plaintiffs was

established as a matter of law. The accident occurred in a "dim-out area," and it appeared that the plaintiff's headlights were shielded, and upon low beam. He estimated the distance which they illuminated the road ahead at fifty and again at seventy feet. He testified that he was proceeding at a speed of twenty five miles an hour when he first saw the truck about fifty feet away. His estimates of the stopping distance required for his automobile at the speed at which he was travelling were variously thirty-five, forty, and fifty feet. He estimated his speed at the time of collision at five miles an hour. The plaintiff testified that he was somewhat blinded by the lights of oncoming cars before he applied his brakes, that he applied his brakes as soon as he saw the truck, and that it took a "little time" for their application. He further testified that he was unable to turn farther to the left because the left-hand lane was occupied by one or more southbound vehicles. Witnesses called by the defendant testified that the length of a brake mark examined by them after the accident appeared to be thirty or thirty-two feet.

The defendant argues that the plaintiff must be found negligent because he did not stop within the range of his headlights. Upon the evidence the jury could find that he did not see the trailer at the extreme range of his lights because blinded by approaching lights. Furthermore the distances to which he testified were merely estimated and obviously not exact. The question of his due care was for the jury. See, *Putnam* v. *Bowman*, 89 N. H. 200, 204; *Feuerstein* v. *Grady*, 86 N. H. 406, 409; *Legere* v. *Company*, 89 N. H. 423. The plaintiff O'Neil, as a passenger, might with reasonable care exercise less precaution than the driver and upon the evidence was not necessarily to be found negligent. *Everett* v. *Company*, 94 N. H. 43. The motions were properly denied.

In view of the conclusions already reached, the defendants' exceptions to the denial of their requests for instructions require no extended consideration. Proper disposition of those which would have withdrawn issues from the jury has already been indicated. Other requests were sufficiently given in substance. Those which related to the condition of the plaintiff's brakes failed to take into account the principle that evidence of their defective condition would not conclusively establish violation of statute in the absence of proof that the driver knew or should have known of it. *Brickell* v. *Company*, *supra*, 142.

The exceptions to the charge as given are sufficiently covered by the discussion of the issues presented by the motions to withdraw

issues from the jury. The exceptions to argument have not been briefed or argued, and are considered waived.

On direct examination the plaintiff MacDonald was permitted over general objection to testify that the defendant Gendron stated immediately after the collision that he was "trying to fix his lights." No request was made that the use of the evidence be limited, although after claiming an exception, which was allowed, counsel stated; "As not binding on Mr. Appleyard." While not admissible against the defendant Appleyard as an admission, the evidence was receivable, in discretion, against both defendants as a part of the *res gestae*. *Semprini* v. *Railroad*, 87 N. H. 279; *Chellis Co.* v. *Railroad*, 79 N. H. 231. Whether the statement of the defendant was spontaneous was a question for the Court. *Bennett* v. *Bennett*, 92 N. H. 379, 386; *McCurdy* v. *Flibotte*, 83 N. H. 143, 146. Its admission implies a finding that it was, and the finding was not unwarranted. The exception to the ruling admitting the testimony, and the exception to the Court's failure to incorporate in the charge to the jury instructions limiting the use of the evidence are overruled.

*New trial.*

All concurred.