**George W. WALKER, Administrator, Plaintiff, Appellant,**

v.

**WAREHOUSE TRANSPORTATION CO., Defendant, Appellee.**

**No. 5104.**

United States Court of Appeals First Circuit.

June 28, 1956.

Donald R. Bryant, Dover, N. H., with whom Burns, Calderwood & Bryant, Dover, N. H., was on brief, for appellant.

Joseph A. Millimet, Manchester, N. H. with whom Devine & Millimet, Manchester, N. H., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment entered November 22, 1955, in the United States District Court for the District of New Hampshire following a jury verdict for the defendant.

This negligence action arose out of an accident which occurred on December 20, 1954, at approximately 11:30 a. m. on U. S. Route 4, in Barrington, New Hampshire, resulting in death to plaintiff's decedent, William Walker and extensive damage to his Dodge truck.

The following statement of facts is sufficient for the purposes of this appeal. The accident occurred on a downgrade following a slight rise in the road. The Walker truck had been traveling easterly along Route 4, and at the time of the accident was parked in the eastbound lane of travel. No part of the truck was off the traveled part of the road. The eastbound lane was about eleven feet wide,

the entire width of the road being twenty-two feet, with three yellow lines totalling eighteen inches in width painted on the center of the road. There was evidence that an oil spot, located by the investigating state trooper after the accident as being six feet north of the south edge of the highway, indicated the actual point of collision. The only testimony as to the location of the Walker truck before the accident came from the operator of the defendant's tractor-trailer truck, James Norton. He testified that the eastbound lane was blocked by the stationary Walker vehicle.

There was evidence that part of the Walker truck was within Norton's line of sight at least 500 feet west of the point of collision. Norton testified that he did not see the truck until he was about 90 to 120 feet away, owing to the fact that he had been looking into each of his rear view mirrors located on the left and right sides of the cab. When Norton first saw Walker and his truck, Walker was standing on the yellow line beside the door of his truck. Norton immediately applied his brakes and swung his truck to the left in an effort to avoid the accident. He got his truck partially into the left or westbound lane of traffic, but the right front corner of the tractor hit the left rear corner of the Walker truck. The impact overturned the Walker truck killing plaintiff's decedent.

Plaintiff's first contention is that the trial court erred in failing to instruct the jury with regard to the plaintiff's claims that the defendant was negligent at common law. The plaintiff excepted to the court's charge, asserting that the defendant had a common law duty which was violated in this case by "failure of the defendant's operator to keep a seasonal (sic) lookout, failure to seasonably apply his brakes, failure to seasonably turn to the left, failure to sound his horn and failure to use the left hand or westbound lane to pass the decedent's truck without collision."

Plaintiff contends that although the trial judge correctly charged the

jury in a general way concerning defendant's duty to exercise due care, failure to give the more specific charges relating directly to bits of evidence in this case constitutes reversible error. We do not agree. We think this aspect of the appeal is governed by the rule expressed in Dane v. MacGregor, 1947, 94 N.H. 294, 299, 52 A.2d 290, 293, where the court said:

> "* * * The charge need not discuss all the specific items of evidence; it deals with issues and the rules of law necessary for their proper determination. What evidence need be pointed out for a proper understanding of the issues may ordinarily be left to the Trial Judge. 'The extent to which rules of law shall be given specific application to the claims of the parties and the facts disclosed by the evidence in a given case must be left to the sound discretion of the trial court, provided the jury is "fully and correctly" instructed.' Colby v. Lee, 83 N.H. 303, 310, 142 A. 115, 688."

Plaintiff next contends that the court erred in failing to instruct the jury that the plaintiff's decedent had the right to rely upon careful driving by the defendant. The plaintiff excepted to the court's charge because of its failure to instruct the jury that "* * * the decedent had the right to rely upon the defendant operating his motor vehicle in a careful and prudent manner and having it under control at the time and place of the accident." Plaintiff asserts that a pedestrian on the highway has a right to assume that he will be seen and not injured. This does not mean, of course, that a pedestrian cannot be contributorily negligent in New Hampshire. It is only "* * * 'In the absence of notice to the contrary [that] one person is justified in presuming that the other will act in accordance with the rights and duties of both.'" Dane v. MacGregor, supra. We conclude that the trial judge committed no abuse of discretion in failing to charge as requested.

Plaintiff contends next that the court erred in failing to instruct the jury that the parking statute did not apply if the decedent's vehicle was so disabled that it had to be temporarily left in the position it occupied at the time of the accident and that the defendant had the burden of proving that the vehicle was not so disabled.

The parking statute in effect at the time of the accident provided in part:

> "263:50 *Parking.* No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway outside of a business or residence district or compact section except as hereinafter provided:
>
> "I. When the vehicle is so disabled that it must be temporarily left in such position. * * *." New Hampshire Revised Statutes Annotated 1955, Chapter 263, Operation of Motor Vehicles.

If, as we believe, the burden of proof was on the plaintiff to bring himself within the statutory exception, then the trial court's failure to instruct as to the exception would not constitute error since there is no evidence in the case capable of supporting a finding that the Walker truck was disabled, and accordingly this issue was properly withheld from the jury's consideration.

In MacDonald v. Appleyard, 1947, 94 N.H. 362, 364, 53 A.2d 434, 436, where the issue arose out of a failure to comply with a statute requiring that flares be placed ahead and behind a truck parked on a highway, the court said:

> "While the statute was not intended to establish absolute liability regardless of fault (Bowdler v. St. Johnsbury Trucking Co., 88 N.H. 331, 333, 189 A. 353, and cases cited), the plaintiff's burden of going forward was sustained by a showing that the statute was not complied with. Proof of the failure to place flares when a vehicle is not 'stopping

momentarily' establishes violation of the statute, even though it is obvious that a reasonable time after stopping is a prerequisite to compliance."

If the statute in the instant case had not expressly incorporated the various exceptions having the effect of relieving certain potential offenders from absolute liability, we believe, as in the MacDonald case, that the burden would clearly be upon the alleged violator to prove that his vehicle was disabled. We think this burden is not shifted to the party claiming the violation merely because the exception has been written into the statute itself—particularly in view of the fact that such evidence of mechanical disability is peculiarly within the knowledge of the alleged violator, in this instance the plaintiff.

■■ Plaintiff contends also that the court erred in withdrawing from the jury the testimony of George Walker relative to prior mechanical failure of the Walker truck. "On the question of remoteness the matter was within the discretion of the Trial Judge." Hunt v. Goodimate Co., 1947, 94 N.H. 421, 55 A. 2d 75, 77. We are unable to say that the trial judge abused his discretion by refusing to permit the jury to consider evidence that the emergency brake on the Walker truck had jammed while the vehicle was being operated by a different driver on a different road some two months prior to the accident.

■ Plaintiff further contends that a new trial should be granted because the trial judge instructed the jury that the *prima facie* speed limit was 50 miles per hour. In effect this amounted to a finding as a matter of law that " * * the frontage on such highway for a distance of one-half mile or more * * " was not " * * * mainly occupied by dwellings or by dwellings and buildings in use for business on any one side", according to the terms of the appropriate statutory definition. New Hampshire Revised Statutes Annotated, 1955, 259:1, XXVII. There is nothing in this record

on appeal which would warrant us in ruling that this finding is clearly erroneous.

■ Nor can we say that the trial judge abused his discretion when he refused to permit plaintiff to cross-examine his own witness.

■ Plaintiff's final contention that the motion for vacation of judgment should have been granted is not properly before this court since no appeal was taken from the denial of the motion. Peterman v. Indian Motorcycle Company, 1 Cir., 1954, 216 F.2d 289.

The judgment of the district court is affirmed.