Belknap
No. 79-022

## GLORIA HACKETT *& a.*

### v.

## HELEN C. PERRON

May 23, 1979

*Nighswander, Lord, Martin & KillKelley*, of Laconia (*David J. Kill-Kelley* orally), for the plaintiffs.

*Hall, Morse, Gallagher & Anderson*, of Concord (*Charles T. Gallagher* orally), for the defendant.

GRIMES, J. The question in this automobile accident case is whether the trial court erred in awarding a verdict for the defendant based on the defense of sudden and unexpected brake failure. We uphold the verdict.

On October 12, 1975, plaintiff Gloria Hackett was operating a motor vehicle in a southerly direction on Union Avenue in Laconia near the intersection of Union Avenue and Summer Street. The defendant was operating a motor vehicle in a westerly direction on Summer Street. She faced a stop sign at the intersection of Union Avenue. The two cars collided at the intersection. Gloria brought suit against the defendant to recover for personal injuries, and her husband Edward brought suit for loss of consortium. Plaintiffs asserted various grounds for recovery, including defendant's violation of the stop sign, unreasonable speed, improper lookout, lack of control, and defective brakes. Defendant denied liability and asserted negligence on the part of plaintiff Gloria and last clear chance.

Trial by the court without jury resulted in a finding that the cause of the accident was the failure of defendant's automobile's braking system and not any of the other causes claimed by the plaintiffs. The court also found that defendant neither knew nor had reason to know of the defective brakes, and returned a verdict for the defendant. The court stated that plaintiffs' expert was reasonably persuasive but that his testimony was limited because he had not examined the braking system of defendant's vehicle. Plaintiffs' exceptions were transferred by *Batchelder*, J.

At trial, defendant testified that on the day of the accident she had backed her car out of the driveway of her residence on Summer Street, stopping once before backing into the street, and stopping once again in the street before proceeding forward. She said she had no trouble with the brakes at either stop. She further related that as she proceeded westerly approaching Union Avenue and came to the stop sign, she tried to put on the brakes but "had nothing." "I didn't have any brakes. It went right to the floor." "Goodness, no brakes." The car had been inspected about two weeks before the accident and received a sticker. She testified that the car, which she had owned for about seven years and driven some 45,000 miles, had never had any brake trouble.

Before the automobile was moved from the scene, defendant's husband tried the brakes and found that the brake pedal went right to the floor. The car was towed to the garage where it had been inspected, and it was found that the left rear brake cylinder had blown, causing a loss of all fluid. The mechanic from the garage testified that "they had blown the rear cylinder on the left side." He stated that "once the cylinder goes, they lose it completely, because it [loses all] . . . brake fluid. Once you push on it, you relieve all pressure. . . ."

Plaintiffs' expert witness had a degree in mechanical engineering, and called himself a consulting automotive engineer with extensive experience in accident reconstruction studies. He had not seen the defendant's vehicle but testified from his general knowledge on the basis of what the mechanic testified had been found when the car was taken to the garage after the accident. He stated that "it is a true fact that if you get a radical brake line failure anywhere in the system, the entire service brake system can fail, no question." He related, however, that in his opinion such a failure could not result from the type of damage described if the mechanic had found that the piston, rubber seal, spring and metal plate were still in the brake cylinder. The mechanic's testimony was that the piston was still in the cylinder, but his testimony could support a finding that the rubber seal and other parts were not still in it. He stated that "the rubber inside pushes right out. . . . It's the ouside part, the metal and the rubber." He stated that "the dust cover blows out when the cylinder releases. It pushes out there and lets the fluid all out through."

██ It is axiomatic that the trier of fact may reject the testimony of an expert. *Vannah v. Town of Bedford*, 111 N.H. 105, 112, 276 A.2d 253, 258 (1971); *O. K. Fairbanks Co. v. State*, 108 N.H. 248, 252, 234 A.2d 108, 111 (1967). The court in this case was not bound by the opinion of the engineer, regardless of the construction placed on the mechanic's testimony concerning the condition of the cylinder. The court weighed the engineer's testimony and considered among other things that he had not seen the car itself. The court was entitled to believe the defendant's testimony that the brakes did in fact fail without warning. The complete lack of brakes was confirmed by defendant's husband and was consistent with the testimony of the mechanic. The court also expressly found that there was no other cause of the accident. The findings of the court are supported by the evidence and therefore must stand.

██ Plaintiffs argue that the defendant should have been found liable because of violations of the safe brake statute, RSA 263:6, and

the stop sign statute, RSA 262-A:50. We hold, however, that the express findings of the trial court that the cause of the accident was the failure of the braking system and that defendant did not know and could not reasonably be expected to have known of the faulty system furnishes a justification for any violation of these statutes. *See Mac-Donald v. Appleyard,* 94 N.H. 362, 367, 53 A.2d 434, 438 (1947); *Brickell v. Boston & Maine Transportation Co.,* 93 N.H. 140, 142, 36 A.2d 622, 623 (1944).

■ Plaintiffs also ask us to charge defendant with any negligence on the part of persons who inspected, maintained, or repaired the brakes. The few cases that charge motor vehicle owners with the negligence of repairmen do so on the basis that the duty to keep one's brakes in proper condition is not delegable. *See Clark v. Dziabas,* 69 Cal. 2d 449, 445 P.2d 517, 71 Cal. Rptr. 901 (1968); *Maloney v. Rath,* 69 Cal. 2d 442, 445 P.2d 513, 71 Cal. Rptr. 897 (1968). *See also* Annot., 40 A.L.R.3d 9 (1971). We decline to so hold. Garage mechanics are not employees or agents of their customers. To charge owners with their negligence would be tantamount to imposing absolute liability, a result ruled out by *MacDonald v. Appleyard,* 94 N.H. 362, 53 A.2d 434 (1947). We also refuse to impose absolute liability in cases such as this. It is true that plaintiff may have been faultless, but defendant also was without fault. We do not live in a riskless society and it is no part of the judicial function to fashion the law so that every injured person can find someone to hold liable. We refuse to decide which of two innocent co-users of our highways should be held liable. The fault system provides a fair method of apportioning the risk of co-users of our highways and we will not depart from it. *See Maloney v. Rath supra*; Annot., 40 A.L.R.3d 9, 22–24 (1971).

Contrary to the plaintiffs' contention, we hold that the evidence justified a finding that defendant was not negligent for failing to make effective use of the emergency brake.

*Exceptions overruled.*

All concurred.