**GENERAL MOTORS CORPORATION, Appellant,**

v.

**Dorothy W. ZIRKEL and Jack R. Zirkel, Appellee.**

**No. 48S05–9305–CV–518.**

Supreme Court of Indiana.

May 11, 1993.

Ralph E. Sipes, Busby, Austin, Cooper & Farr, Anderson, for appellant.

Richard F. Davisson, Davisson & Davisson, P.C., Anderson, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

The appellees brought an action against appellant for damages under Ind.Code § 24–5–13–1 *et seq.*, commonly known as the Indiana "Lemon Law." In 1988, appellees purchased a new Cadillac Seville from Ed Martin Cadillac–Oldsmobile, Inc., an authorized General Motors dealer. From the date of purchase, August 22, 1988, through February of 1989, the Zirkels returned the car to Ed Martin at least twenty times because of their dissatisfaction with the brakes.

Invoices show that the brakes were repaired on September 23, 1988 and on October 12, 1988. Each time, the Zirkels complained that the brakes were "pulsating" to a stop. The mechanics at Ed Martin diagnosed the problem as excessive wear due perhaps to the driver "riding" the brake. On both of these occasions, the brake rotors were refaced and the brake pads were scuffed. In February of 1989, the car was involved in an accident. Following the repair of the body damage to the car, the brakes again were overhauled, although mechanic Fred Martin claimed they were working all right. However, the overhaul was done to satisfy the appellees.

While the car was in the shop for repairs in February of 1989, Ed Martin loaned the Zirkels a 1989 Cadillac which the Zirkels drove to Florida for a vacation. They had no complaint as to the brakes on the loaned car.

The trial court found that the "vehicle nonconformity involved failure of the braking system." The Court of Appeals reversed the trial court and found that the appellees did not sustain their burden of establishing a defect in the automobile.

The majority opinion, *General Motors Corp. v. Zirkel* (1992), Ind.App., 602 N.E.2d 1069, pointed out that the only experts to testify were those employed by Ed Martin, whereas the appellees' only evidence consisted of Mrs. Zirkel's testimony that the brakes at times felt soft and at other times the pedal would not bring the car to a stop.

Judge Rucker wrote a dissenting opinion in which he points out that the trial court had before it conflicting testimony coming from opposite sides in the case. The Zirkels claimed the brakes were not adequate while Ed Martin's mechanics claimed that although they did effect repairs on the braking system on three separate occasions, they never found the brakes to be inadequate to stop the car.

As Judge Rucker observes, this presents a conflict in the evidence to be weighed by the trial court and not to be reweighed on appeal. The majority opinion emphasizes the fact that the appellees presented no expert testimony. However, it hardly takes an expert to observe that the brakes will not adequately stop the automobile he is driving. It was not for the appellees to prove why the brakes were not working. It was sufficient for them to establish to the satisfaction of the trier of fact that they in fact did not function properly.

We note that in other jurisdictions, courts have observed that defective brakes are easily discoverable by the driver. *See* for example, *Sothoron v. West* (1942), 180 Md. 539, 26 A.2d 16. In *Hackett v. Perron* (1979), 119 N.H. 419, 402 A.2d 193, the court held that a driver's testimony alone was sufficient to establish the defense of sudden brake failure. In *Garmo v. Gener-*

*al Motors Corp.* (1973), 45 Mich.App. 703, 207 N.W.2d 146, the court held that a driver's testimony was sufficient to establish brakes were defective in a products liability case. There is nothing in the "Lemon Law" statute which requires the purchaser of the automobile to present expert testimony as to the failure of the automobile to perform properly.

We agree with Judge Rucker in his dissent that competent evidence was presented in both sides of this case at the trial level. It thus was for the trial judge to weigh that evidence and come to a conclusion. *See Buchonok v. Emerick* (1990), Ind., 558 N.E.2d 1092.

The opinion of the Court of Appeals is set aside, and the trial court is affirmed.

SHEPARD, C.J., and DEBRULER, DICKSON and KRAHULIK, JJ., concur.